Sweet v. Electric Light Co.

(*Knoxville.*    September 19, 1896.)

STATUTE OF LIMITATIONS.  *Saving bar by new suit within a year.*

The commencement of suit in a Court having no jurisdiction thereof is not within Code, § 3449 (M. & V.), providing that, if an action is commenced within the term limited by the statute of limitations, and judgment rendered therein against the plaintiff on grounds which do not conclude his right of action, a new action may be commenced within a year thereafter, even if the term of the statute had then expired.

Code construed: § 4446 (S.); § 3449 (M. & V.); § 2755 (T. & S.).

Case cited and approved: Anderson v. Bedford, 4 Cold., 464.

---

FROM HAMILTON.

---

Appeal from Circuit Court of Hamilton County. JOHN A. MOON, J.

CASE & CASE for Sweet.

SHEPHERD & FRIERSON for Electric Light Co.

WILKES, J.    This is an action for damages for personal injuries, caused by the bursting of the fly wheel of defendant's engine, June 23, 1893.    On June 22, 1894, plaintiff began suit against defendant and its receiver for such damages in the United

States District Court at Chattanooga.  The declaration in this case alleges that the suit was dismissed by the Chattanooga Court for want of jurisdiction. This suit was then brought on the fifteenth day of May, 1895.  Demurrer was interposed, setting up statute of limitation of one year—Code, M. & V., § 3469—and alleging that the action in the Federal Court was really no action in the sense of the statute, inasmuch as the Court in which it was brought had no jurisdiction, and the action was not, therefore, saved by the provisions of § 3449, M. & V. Code, which provides that if the action is commenced within the term limited by the statute, but judgment is rendered against the plaintiff upon any grounds not concluding his right of action, etc., a new action may be brought within one year after the reversal or dismissal.  The demurrer was sustained and suit dismissed, and plaintiff has appealed and assigned errors.

We think the demurrer was properly sustained and the suit properly dismissed.  An action commenced in a Court having no jurisdiction to entertain it is no action in the sense of the statute.  The matter stands the same as if no suit had been brought, or attempted to be brought, and the limitation runs from the date of the injury.  If the action is" brought in a Court without jurisdiction, the whole proceeding is void and of no effect, and if it should proceed to judgment, the judgment likewise be void and without validity.

In *Anderson* v. *Bedford*, 4· Cold., 464, it is said: "In no case of which we are advised, when the failure of the action is due to the default, wrong, or laches of the plaintiff, has it been held sufficient to authorize the bringing of another suit, under the exception of the statute, within one year after the termination of the first." In that case the original suit was dismissed for champerty.

We see no error in the judgment of the Court below, and it is affirmed with costs.