Moran v. Weinberger.

MARGARET MORAN *v.* MAURICE WEINBERGER.*

*(Nashville.* December Term, 1923.)

1. **LIMITATION OF ACTIONS.** Suits brought before justices of the peace within statute relating to commencement of new action.

Suits brought before justices of the peace are within Shannon's Code, section 4446, permitting a plaintiff to commence a new action within one year after disposition not concluding his right of action. (*Post, pp.* 539-543.)

Acts cited and construed: Acts 1715, ch. 27; Acts 1819, ch. 28.

Cases cited and approved: Nash v. Davis, 3 Tenn. Civ. App., 634; Railroad v. Beasley, 123 Tenn., 629.

Case cited and distinguished: Maynard v. May, 42 Tenn., 44.

Code cited and construed: Sec. 4446 (S.). Sec. 4445 (1858).

2. **LIMITATION OF ACTIONS.** Suit brought in circuit court held not saved from bar by statute.

A new suit brought for $10,000 in the circuit court for personal injuries, after a voluntary nonsuit, two years after the injury and the bringing of the original suit in a justice court with a jurisdiction limited to $500, but brought within one year of the taking of the nonsuit, is not saved from the bar of the two-year statute of limitations by Shannon's Code, section 4446, except to the extent of 500. (*Post, pp.* 543, 544.)

3. **LIMITATION OF ACTIONS.** Statute permitting new suit not intended to hold open way indefinitely for vexatious litigation.

Shannon's Code, section 4446, permitting new action by a plaintiff whose right of action has not been concluded by the disposition, is

---

*On fault of plaintiff causing failure of suit as affecting his right to additional time allowed by statute for bringing new action, see note in 11 L. R. A., (N. S.), 478.

remedial, and is to be liberally construed, but protection against laches, negligence, or other fault of the plaintiff was no part of its purpose, nor was it intended to hold open the way indefinitely for vexatious and harassing continuation or renewal of litigation. (*Post, pp.* 543, 544.)

Cases cited and approved: Reed v. Railroad, 136 Tenn., 499; Andersen v. Bedford, 44 Tenn., 464.

4. **LIMITATION OF ACTIONS.** Statutes are laws of presumption. Statutes of limitations are laws of presumption; they presume evidence from length of time which cannot be proved, etc. (*Post, pp.* 544-547.)

Cases cited and approved: Barton's Lessee v. Shall, 7, Tenn., 215; Hughes v. Brown, 88 Tenn., 584; Sweet v. Electric Light Co., 97 Tenn., 252; Coal Co. v. Daniel, 100 Tenn., 65; Coal, Iron & Railway Co. v. Minton, 117 Tenn., 424; Sale v. Eichberg, 105 Tenn., 346; Ball v. Hagy, 54 S. W. 915.

Code cited and construed: Sec. 4456 (S.).

5. **ELECTION OF REMEDIES.** Election defined.
"Election of remedies" is the right to choose or the act of choosing between different actions or remedies, where the plaintiff has suffered one species of wrong from the act complained of, with the effect of precluding a resort to the others. (*Post, pp.* 547-550.)

Cases cited and approved: Swift & Co. v. Warehouse Co., 128 Tenn., 82; Smith v. McNeal, 109 U. S., 426.

Case cited and distinguished: Chilton v. Scruggs, 73 Tenn., 313; Love v. White, 5 Tenn., 210.

---

·FROM DAVIDSON.

---

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* to the Court

of Civil Appeals from the Supreme Court.—HON. A. B. NEIL, Judge.

E. L. McNEILLY, J. B. DANIEL, WM. E. STEGER and HARRY G. NICHOL, for Moran.

BASS, BERRY & SIMS, for Weinberger.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Plaintiff brought her suit in a magistrate's court for personal injuries in November, 1920, and recovered judgment for $250. Defendant appealed to the circuit court, where various continuances were had. October 30, 1922, approximately two years after she had been injured by failing on defendant's stairway, plaintiff took a nonsuit, and shortly thereafter, and within one year, brought a suit for damages on account of the same injury in the circuit court for $10,000, basing her right so to do upon section 4446, Shannon's Code, reading as follows:

"If the action is commenced within the time limited but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one year after the reversal or arrest."

The trial court sustained a plea of the statute of limitations, being of opinion that the saving statute, supra, did not apply, and the court of civil appeals has affirmed

this judgment, holding: (a) That suits brought before justices of the peace are not within this statute; and (b) that this is particularly true of a new suit brought for an amount in excess of a magistrate's jurisdiction, which is limited to $500. These are the issues here presented.

The case of *Maynard* v. *May*, 2 Cold., 44, is relied on and followed by the learned court of civil appeals, but we are not of opinion that this decision is controlling. It was section 4445, which, in the Maynard Case, the court held inapplicable to suits originally brought before a magistrate. Not only was it this section which was cited by the corresponding section number in Code of 1858, section 2754, but the reasoning of the opinion sustains this view. That section reads as follows:

"The suing out of a summons is the commencement of an action, within the meaning of this chapter, whether it be executed or not, if the action is duly prosecuted and continued by the issuance of alias process from term to term or recommenced within one year after the failure to execute."

The court was of opinion that reference to "issuance of alias process from term to term" evidenced an intention to have this section apply only to courts having regular terms, as have courts of record, but which is not true of justice courts. However, it does not follow that section 4446 is so limited. Both sections are grounded on Acts 1715, c. 27, and Acts 1819, c. 28, and the one immediately follows the other in the Code of 1858, but they are distinct, and the restrictive language relied on is found only in section 4445. The question, therefore, of the exclusion of proceedings in justice courts from the pro-

visions of section 4446 is one of first intention, no direct determinative authority being before us. However, in at least two cases this court has indirectly recognized the applicability of this saving statute to justice courts. *Nash* v. *Davis,* 3 Tenn. Civ. App., 634, (disposed of in this court by denial of the writ of *certiorari*) ; *Railroad* v. *Beasley,* 123 Tenn., 629, 134 S. W., 306.

In neither of these cases was the applicability of this statute to justice courts challenged, but in both the suits had been originally brought before justices and re-brought under this statute.

Part 3 of the Code of 1858 deals with "The Redress of Civil Injuries," and title 1 relates to "Civil Actions." Under these general headings are found, first, chapter 1, "Of the Forms of Action," section 4444 reading:

*"Proceedings before Justices of the Peace.*—The general provisions of the Code, in regard to actions and their incidents, apply to proceedings before justices of the peace, unless controlled by the provisions designed expressly for such proceedings."

Next follows chapter 2, "Of the Limitation of Actions," and, first, comes section 4445, which has properly been held in *Maynard* v. *May,* supra, not to apply to proceedings before justices, it being construed "to contain expressions" which exclude such courts. But we find no provisions in the following section, 4446, indicative of a purpose to so confine its application, and this section would seem, therefore, to be governed by the express requirement above quoted that—

"The general provisions of the Code, in regard to actions and their incidents, apply to proceedings before justices of the peace."

Reference is made to the opening language of section 4445, "the suing out of a summons is the commencement of an action, within the meaning of this chapter," and it is insisted that this is a court of record process only, and that the words "within the meaning of this chapter" thus operate to restrict the provisions of succeeding sections in "this chapter" to courts issuing such process. But by Code, section 4518, chapter 5, under title 1, dealing particularly with "Process," it is expressly provided as follows:

"*Summons.*—All civil actions at law, in courts of record or before justices of the peace, except otherwise provided, shall be commenced by summons."

Thus it would seem to be clear that the suggested limitation of the provisions of "this chapter" contained in section 4445, to cases in which the action is commenced by "the suing out of a summons," does not operate to exclude suits brought before justices.

As already indicated, there is no language in the section (4446) saving from the bar new suits brought within a year of dismissal, which excludes suits brought before justices of the peace from its operation, and, upon principle, considering the purpose underlying this enactment, we are unable to perceive any sound reason for such a distinction. The limitation statutes apply alike to the remedy, whether brought in courts of record or justices' courts. In either case alike the original suit must be brought within one year of the injury, and if dismissed on a ground not concluding the right of action, the defendant is on notice that within a year a second suit may follow. Thus he is warned in one case, as in the other, to hold

himself in readiness for this limited time to defend a new suit between the same parties in assertion of the same demands formerly made, and when so sued he will have available the same defenses as formerly. We are of opinion that, if the action is commenced by the suing out of a summons in a justice court within the time limited by the statute of limitation, and the judgment is rendered against the plaintiff upon any ground not concluding his right of action—and a voluntary nonsuit is held to be such a judgment—the plaintiff may within one year commence a new action, as if commenced in a court of record, the requirements of this statute being met in the one case as well as in the other.

This brings us to a consideration of the second phase of the issues presented—whether or not this new suit, brought for $10,000 in the circuit court, after a voluntary nonsuit, two years after the injury and the bringing of the original suit in a court with a jurisdiction limited to $500, but brought within one year of the taking of the nonsuit, is saved from the bar by this statute.

The statute is held to be remedial, and is to be liberally construed, but protection against the laches, negligences, or other fault of the plaintiff was no part of its purpose, nor was it intended to hold open the way indefinitely for vexatious and harassing continuation or renewal of litigation (*Reed* v. *Railroad,* 136 Tenn., 499, 190 S. W., 458; *Anderson* v. *Bedford,* 4 Cold., 464), nor, are we persuaded to provide for a "new" suit to be commenced, long after the cause of action has originated and the statutory limit has expired, and the defendant has been lulled into indifference, in such a form as would not reasonably be cov-

ered by the notice given by the original suit of the grounds, purpose, and scope of the demand.

By this statute the remedy otherwise barred has been saved to the plaintiff by suspending the operation of the statute of limitations. "The act of limitations is a law of presumptions, it presumes evidence from length of time which cannot now be produced; payment which cannot now be proved," etc., as declared by Mr. Justice Haywood in an early case. *Barton's Lessee* v. *Shall,* Peck, 215. By analogy this has application to the statute under consideration, and suggests reasons why it should not be so extended as to deprive a defendant of defenses which by lapse of time he is presumed to have formerly had available. The principle of notice is involved. Upon notice to the defendant by suit commenced within one year the running of the statute of limitations is suspended; but it is suspended only to the extent of the notice thus directly given, or by law implied. The cause of action and the parties are fixed, the amount of the demand which the defendant may be called upon to meet being limited only by the jurisdiction invoked. But, if a jurisdiction is chosen which is limited, then it would seem to follow that the notice can be effective to stop the running of the statute only to the extent of the jurisdictional limit thus fixed. If one sues in a court of unlimited jurisdiction as to amount, he thus gives notice that his demand, however originally stated, may be indefinitely increased, and the defendant must beware. But, if he sues in a court of limited jurisdiction, then he affirmatively disclaims a greater demand, and if he takes no steps to increase his right of action or demand within the year he is thereafter

barred as to any excess of recovery above the jurisdictional limit he has fixed by his action as commenced. Learned counsel for plaintiff correctly insists that the cause of action is not changed by increasing the amount of damages sued for, but it is the right of action which is saved by this statute. Although frequently used interchangeably, these are not wholly synonymous terms. 1 C. J. 946. It is true that a right of action, that is the right to commence and maintain an action, depends upon the existence of what is termed a cause of action. 1 C. J. 951. There could be no right of action without a cause of action, but the cause of action is not the action. The term "action" found in this statute is defined as:

"The legal or lawful demand of one's rights in the form given by law; an assertion in a court of justice of a right given by law; a suit or process by which a demand is made of a right in a court of justice; a civil proceeding taken in a court of law to enforce a right." I C. J. 926.

To the same effect is the Code definition. Shannon, section 4456.

Now it is this right to bring an action based upon a sound cause of action which is proposed to be preserved by this statute. Of course, in bringing a new suit under this statute, as said by Mr. Justice LURTON in *Hughes* v. *Brown,* 88 Tenn., 584, 13 S. W., 287, 8 L. R. A., 480, the new suit must be "substantially for the same cause of action;" but the plaintiff is further limited in his new proceeding by the restrictions upon his action as fixed by the judicial proceeding originally adopted by him to enforce his rights. This basic restriction is to be found in the face of the statute. "If the action is commenced," is the opening language, expressive of the fundamental

149 Tenn.—35.

condition imposed. It is to the action commenced that the provisions following apply. So in *Sweet* v. *Electric Light Co.*, 97 Tenn., 252, 36 S. W., 1090, and elsewhere, this court has held that, when the first suit was brought in a court having no jurisdiction, this statute does not apply. There had been no suit "commenced" in compliance with the initial requirement of the statute. And see *Coal Co.* v. *Daniel,* 100 Tenn., 65, 75-79, 42 S. W., 1062; *Coal, Iron & Railway Co.* v. *Minton,* 117 Tenn., 424, 425, 101 S. W., 178, 11 L. R. A. (N. S.), 478.

Counsel stresses the word "new" in the expression "commence a new action within a year," but the statute must be construed as a whole, and, while necessarily new in the sense that it is a beginning, is freshly started, it is well settled that it must be confined in its parties and purpose, and in the cause on which the action rests, to its original limits.

Now, giving the foregoing principles application to the facts of the instant case, it appears that the original action was "commenced" in a court with a jurisdiction limited to $500. The action commenced was thus clearly limited. Upon appeal no amendment could have been made of this action, thus essentially limited, so as to increase the demand sued upon beyond that amount. *Sale* v. *Eichberg,* 105 Tenn., 346, 59 S. W., 1020, 52 L. R. A., 894. And, too, it may be observed that if the amount of the demand in the original suit had been for more than $500 brought in a justice's court, the action would not have been "commenced" in the sense of the statute, because brought in a court without jurisdiction, and therefore the fact of its bringing and dismissal for want of

jurisdiction could not have been interposed to save the bar under this statute. This follows from our holdings above cited; and see *Ball* v. *Hagy* (Tex. Civ. App.), 54 S. W., 915. The court being without jurisdiction, the action would be a void proceeding, and would not arrest the running of the statute of limitations. It is said that the rule is that the cause of action is not changed by amendments merely increasing the demand, and that there is an analogy, but this rule has application to cases only in which the increases are within the jurisdictional scope of the original court and action.

The distinction is both technically correct and grounded on principle. Certainly the jurisdiction of the tribunal could not be exceeded and the action be valid; but the principle involved is this: That the defendant in the one case is upon notice from the inception of the action that the demand is subject to be increased at any stage of the proceeding, while in cases like that now before us the defendant is thrown off his guard, assured by the limited form of action instituted and prosecuted beyond the original statutory period that no increased demand will or can be made.

There is some basis for the application to such a case of the doctrine of election of remedies, or waiver by election. Election is broadly defined as:

"The right to choose, or the act of choosing between different actions or remedies, where the plaintiff has suffered one species of wrong from the act complained of." Anderson Law Dict.

And:

"Election of remedies, in its generic sense, is the act of choosing between the different modes of proecdure and

relief allowed by the law on the state of facts, which modes may be termed 'coexisting remedies.'"  8 Ency. P. & P. 361.

And further:

"In its technical and more restricted sense, election of remedies is the adoption of one of two or more coexisting remedies, with the effect of precluding a resort to the others." Id.

However, our conclusion herein is rested not so much upon this ground as on the proposition that the "action" originally "commenced" is not that now sought to be commenced anew. The election in this case is enforced by express statute rather than by equitable estoppel. Plaintiff commenced no action for the relief now sought within the year prescribed by the statute of limitations in a court having jurisdiction of such an action as she now seeks to commence. At most this statute saves the bar and preserves the remedy or right to an action only to the extent to which such action has been lawfully commenced.

While the holding in *Sweet* v. *Electric Light Co.,* supra, that this saving statute is not available to a plaintiff who has brought his first action in a court without jurisdiction, is the established rule in this state, in *Swift & Co.* v. *Warehouse Co.,* 128 Tenn., 82, 158 S. W., 480, the power of a court of equity was exercised to restrain the defendant from pleading the statute of limitations at law, in accordance with recognized principles, where the original suit had been brought in chancery and there dismissed for want of jurisdiction in equity to give the particular relief sought. The court. followed earlier decisions holding that—

"When chancery dismisses a bill because the complaint made by it is relievable at law, it will not suffer the act of limitations to be pleaded during the pendency of the suit in the court, and will direct that the act be not opposed to the claim at law for such time." *Chilton* v. *Scruggs,* 5 Lea, 313; *Love* v. *White,* 4 Hayw., 210.

This decision recognizes that unless thus restrained the bar of the limitation statute would be available to the defendant, the plaintiff not being otherwise in position to invoke the saving statute when his first suit had been brought, although mistakenly, in a court not having jurisdiction. In *Smith* v. *McNeal,* 109 U. S., 426, 3 Sup. Ct., 319, 27 L. Ed., 986, it was held, construing this statute, that a dismissal of a suit for want of jurisdiction is upon a ground not concluding the right of action, but it appears that the dismissal was for a defect in the pleading, and that it was not dismissed "for any inherent want of jurisdiction in the court in which it was brought." And in holding that, on the facts of that case, plaintiff might rely upon this statute in bringing his second suit, which was brought anew in the same court, that court clearly intimated that this saving statute would not be available to one who had negligently first brought his action in a court without jurisdiction of his demand. It would seem to follow that, where one has advisedly and deliberately first chosen a forum lacking jurisdiction, he is precluded. So we are of opinion that, where one chooses to commence his action in a forum with a jurisdiction expressly limited in amount, he may not, after the period fixed by the statute of limitations, dismiss his action and invoke this statute to sustain a new action, although for the same

Moran v. Weinberger.

cause, to enforce a demand beyond the jurisdictional scope of his original action. Both upon the quieting principles on which our limitation statutes rest and upon a fair construction of the meaning and purpose of this saving statute here invoked the plaintiff herein was restricted in her new action to the demand fixed by the jurisdictional limitations of the forum originally chosen. As already shown, the running of the statute of limitations was stayed by this saving statute only to the extent to which an action in which the relief now sought could have been obtained had been originally lawfully commenced.

The conclusions herein announced are not to be construed as restricting the right of a plaintiff whose original suit has been brought in a court of unlimited jurisdiction as to amount to increase the sum sued for by subsequent amendment, or upon the bringing of a new suit within one year after dismissal of his original suit; the limitation applying only when the original suit has been brought in a court of limited jurisdiction.

Consistent with the reasoning and findings of this opinion, the decree of the court of civil appeals will be modified, so as to sustain the plea of the defendant as to any excess sued for above the sum of $500 only, and the cause will be remanded for further proceedings in the circuit court in accordance with this opinion.

The plaintiff, having been unsuccessful in her effort by nonsuit of her original action and the bringing of a new suit to increase the amount originally sued for, will pay the costs incident to the appeal from the judgment of the circuit court.