T. E. Burns *v.* Peoples Telephone & Telegraph Company.

(*Knoxville*, September Term, 1930.)

Opinion filed November 28, 1930.

L. M. G. BAKER, for plaintiff in error.

FORREST ANDREWS, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

Plaintiff sued the defendant in this case for damages for the destruction of shade trees alleged to have been done in the construction of one of defendant's lines through plaintiff's lot. It appears from the declaration that another suit had been brought by plaintiff against the defendant in the Chancery Court of Knox County to recover the same damages, which was dismissed by that court for lack of jurisdiction. The present suit was brought within twelve months of the dismissal of the suit in the chancery court.

These facts appearing from the declaration, the defendant demurred on the theory that the present action was brought more than three years after the injuries were inflicted and was barred by the statute of limitations and that the chancery suit, having been brought in a court without jurisdiction, did not save the bar of the statute.

The trial judge sustained the demurrer and the plaintiff has appealed.

Section 4446, Thompson's-Shannon's Code, is as follows:

"If the action is commenced within the time limited, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one year after the reversal or arrest."

In *Sweet* v. *Electric Light Co.,* 97 Tenn., 252, a suit was brought in the United States District Court, which was dismissed by that court for lack of jurisdiction. Within a year another suit on the same cause of action was brought in the state court and the statute of limitations was interposed by the defendant and held to bar the suit. This court said:

"We think the demurrer was properly sustained and the suit properly dismissed. An action commenced in a Court having no jurisdiction to entertain it is no action in the sense of the statute. The matter stands the same as if no suit had been brought, or attempted to be brought, and the limitation runs from the date of the injury. If the action is brought in a Court without jurisdiction, the whole proceeding is void and of no effect, and if it should proceed to judgment, the judgment likewise would be void and without validity."

Dissatisfaction with this ruling was indicated in *Coal, Iron & Railway Co.* v. *Minton,* 117 Tenn., 415, and it was intimated that the authority of the case should be confined to its particular facts.

In *Swift & Co.* v. *Warehouse Co.,* 128 Tenn., 82, a suit was brought in the chancery court of which it had no

jurisdiction under the decision of this court. In disposing of the case, however, to meet the effect of *Sweet* v. *Electric Light Co., supra,* the court enjoined the defendant from relying on a plea of the statute of limitations if a suit was thereafter seasonably brought in a proper law court on the same cause of action.

In *Davis* v. *Parks,* 151 Tenn., 321, an action was brought against the director general of railroads in the wrong county and was dismissed for lack of jurisdiction. Thereafter, within one year after the dismissal of the first suit, another suit on the same cause of action was brought in a proper court and the statute of limitations relied on. This court held that the new suit was not defeated by the statute of limitations and refused to follow *Sweet* v. *Electric Light Co.* when the jurisdiction of the first court in which the suit was brought failed merely because of the venue. Among other things, it was said:

"The case of *Sweet* v. *Electric Co.,* 97 Tenn., 252, 36 S. W., 1090, does not show the facts with regard to the first suit. The plaintiff may have been grossly negligent in originally choosing the forum, for all that appears, and the case may have been correctly decided on its own facts. But we do not consider that case authority for the proposition that however prudently a plaintiff may have acted in choosing his original forum, and however technical may have been the grounds for dismissal, a dismissal for want of jurisdiction, under any circumstances whatsoever, precludes plaintiff from relying upon the saving statute. Such a proposition is too far reaching to receive the approval of this court."

In *Moran* v. *Weinberger,* 149 Tenn., 537, suit was brought before a magistrate for damages for personal injuries and a judgment recovered for $250. After the

defendant's appeal to the circuit court, the plaintiff took a non-suit. Within a year from this date plaintiff brought another suit for the same injuries in the circuit court, laying her damages at $10,000. This court sustained a plea of the statute of limitations to the second suit in so far as it sought damages exceeding $500, the limit of the magistrate's jurisdiction.

Responding to the contentions of the plaintiff in *Moran* v. *Weinberger* and *arguendo,* this court referred to and quoted *Sweet* v. *Electric Light Co., supra.* The basis of the decision, however, in *Moran* v. *Weinberger* was thus stated:

"The principle of notice is involved. Upon notice to the defendant by suit commenced within one year the running of the statute of limitations is suspended; but it is suspended only to the extent of the notice thus directly given, or by law implied. The cause of action and the parties are fixed, the amount of the demand which the defendant may be called upon to meet being limited only by the jurisdiction invoked. But, if a jurisdiction is chosen which is limited, then it would seem to follow that the notice can be effective to stop the running of the statute only to the extent of the jurisdictional limit thus fixed. If one sues in a court of unlimited jurisdiction as to amount, he thus gives notice that his demand, however originally stated, may be indefinitely increased, and the defendant must beware. But, if he sues in a court of limited jurisdiction, then he affirmatively disclaims a greater demand, and if he takes no steps to increase his right of action or demand within the year he is thereafter barred as to any excess of recovery above the jurisdictional limit he has fixed by his action as commenced."

As said by the court in the quotation above, the reason justifying statutes such as 4446 Thompson's-Shannon's Code is that the bringing of a suit, whether prosecuted to final judgment or not, gives the defendant notice that the plaintiff has a demand which he proposes to assert. If the plaintiff's suit is defeated upon some ground not concluding his right of action, the statute gives him another chance, provided he acts promptly within twelve months. Bearing in mind the reason of section 4446, Thompson's-Shannon's Code, *Sweet* v. *Electric Light Co., supra,* is not satisfactory. The case is said to stand alone.

In construing a like statute of that State in a case similar to this one, the New York Court of Appeals said:

"The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts When that has been done, a mistaken belief that the court has jurisdiction stands on the same plane as any other mistake of law. Questions of jurisdiction are often obscure and intricate. This very question of the power of the city court to determine actions against the city of New York will illustrate that truth. *O'Connor* v. *New York,* 51 Misc., 560, 101 N. Y. Supp., 295, id. 191 N. Y., 238, 83 N. E. 979. There is nothing in the reason of the rule that calls for a distinction between the consequences of error in respect of the jurisdiction of the court and the consequences of any other error in respect of a

suitor's rights." *Gaines* v. *New York,* 215 N. Y., 533, L. R. A., 1917C, 203.

To the same effect see *Coffin* v. *Cottle,* 16 Pick. (Mass.), 383; *Hawkins* v. *Scottish Union & Nat. Ins. Co.,* 110 Miss., 31; *Little Rock M. R. & T. R. Co.* v. *Maness,* 49 Ark., 248, 4 Am. St. Rep., 45; *Ball* v. *Biggam,* 6 Kan. App., 42, and other cases collected in Note, L. R. A., 1917C, 208.

As pointed out in *Davis* v. *Parks, supra,* and in *Smith* v. *McNeal,* 109 U. S., 426, 27 L. Ed. 986, there may be cases in which a plaintiff was grossly negligent in choosing the forum of his first suit and in which the rule announced in *Sweet* v. *Electric Light Co., supra,* should be applied. *Moran* v. *Weinberger, supra,* proceeded to some extent on this idea. Under other circumstances, however, *Sweet* v. *Electric Light Co.,* will not be followed and may be considered as overruled, except as indicated.

Reversed and remanded.