Tommy MOORE, Plaintiff-Appellant,

v.

George FIELDS, Jailer, Defendant-Appellee.

No. 72–1096.

United States Court of Appeals, Sixth Circuit.

July 26, 1972.

Tommy Moore, pro se.

Luther H. Icenhour, Jr., Icenhour & Wohlford, Bristol, Tenn., for defendant-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and KENT, Circuit Judges.

PER CURIAM.

This is an appeal by plaintiff from the dismissal of his Civil Rights action as barred by the statute of limitations. We reverse.

In September 1970 Tommy Moore commenced an action against George Field in the Law Court of Sullivan County, Tennessee. Moore, a prisoner at the Sullivan County Jail, sought money damages flowing from an incident at the

Jail in March 1970 during which Fields, a jailer, allegedly beat Moore with a blackjack, intentionally delayed obtaining medical attention for Moore required by the physical injuries resulting from the beating, and placed Moore in solitary confinement for three days. Severe and permanent injuries were claimed. In May 1971 this suit was dismissed for Moore's failure to appear and prosecute. Moore was incarcerated at the time.

Moore filed the instant action in July 1971 under the Civil Rights Act of 1879, 42 U.S.C. § 1983. Facts identical to those set forth in the state court pleadings were alleged and asserted to be the basis for recovery. The District Court dismissed the action on the ground that it had not been brought within one year of the acts complained of, as required by the applicable statute of limitations, T.C.A. § 28–304. By order dated December 21, 1971, this court *sua sponte* remanded the case to the District Court for consideration of the effect of the Tennessee Savings Statute, T.C.A. § 28–106. On remand, the District Court held the Savings Statute to be inapplicable. It is from that decision that Moore has perfected this appeal.

■  The Savings Statute provides:
*"28–106. New action after adverse decision not foreclosing merits.*—If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest."

Moore's State court suit was commenced within one year of the alleged actionable conduct. The present action was instituted within one year after the dismissal of that suit. Dismissal of the State

court action for Moore's failure to appear and prosecute was on a "ground not concluding his right of action," within the meaning of the statute. *See* Rye v. DuPont Rayon Co., 163 Tenn. 95, 40 S.W.2d 1041 (1931). The Savings Statute operates to permit a subsequent action in federal court on the same terms as if that action were commenced in State court. *See* Venn v. Tennessean Newspapers, 201 F.Supp. 47, 58 (M.D. Tenn.1962), aff'd mem., 313 F.2d 639 (6th Cir.), cert. denied, 374 U.S. 830, 83 S.Ct. 1872, 10 L.Ed.2d 1053 (1963). Fields nonetheless contends that the Savings Statute is inapplicable on the ground that the claims asserted in federal court amounted to a different cause of action than that presented to the State court.

■■  It is contended that the State court action was one sounding in tort for assault and battery, the State courts of Tennessee not having jurisdiction over claims arising under the Civil Rights Act. Cf. Chamberlain v. Brown, 223 Tenn. 25, 442 S.W.2d 248 (1969). Fields then argues that an action brought in a court without jurisdiction is a nullity and that for the purposes of the Savings Statute it is as if no action had been brought at all, relying on Sweet v. Chattanooga Elect. Light Co., 97 Tenn. 252, 36 S.W. 1090 (1896). We reject this argument, as did the Supreme Court of Tennessee some forty years ago. See Burns v. Peoples Tel. & Tel. Co., 161 Tenn. 382, 388, 33 S.W.2d 76, 78 (1930). The Savings Statute is remedial and should be construed liberally to effectuate its purpose. *See* Balsinger v. Gass, 214 Tenn. 343, 379 S.W. 2d 800 (1964); Brooksbank v. Roane County, 207 Tenn. 524, 347 S.W.2d 570 (1960). This purpose is satisfied if the dismissed action gave the defendant fair notice of the nature and extent of plaintiff's claim asserted against him. *Burns, supra,* 161 Tenn. at 386–387, 33 S.W.2d at 77–78.

■  The facts alleged in support of a claim for relief in both the state and

federal complaints were identical. Fields thus was put on notice of Moore's claim against him by reason of Moore's filing of the complaint in the Law Court of Sullivan County within one year of the assertedly actionable conduct. Accordingly, Moore's action instituted in District Court within one year following dismissal of that action was timely by operation of T.C.A. § 28–106. The decision of the District Court is therefore reversed and the cause remanded for disposition on the merits.