**Lora BAILEY, Administratrix of the Estate of Floyd Bailey, Deceased, and State of Tennessee ex rel. Lora Bailey, Administratrix of Estate of Floyd Bailey, Deceased,**

v.

**Ola C. HARRIS, Sheriff of Rhea County, et al.**

**No. Civ-1-74-86.**

United States District Court, E. D. Tennessee, S. D.

June 19, 1974.

---

Ray Moseley, and Floyd Hutcherson, Rockford, Tenn., for plaintiffs.

McKenzie & McKenzie, Dayton, Tenn., for defendants.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is an action brought pursuant to the Federal Civil Rights Act (42 U.S.C. § 1983) for the alleged wrongful death of the plaintiff's decedent. The complaint alleges that the plaintiff's decedent, while an inmate in the Rhea County, Tennessee, Jail, was killed by another inmate of that institution and avers that the homicide occurred as a result of the negligent performance by the defendants of their official duties as the sheriff and deputy sheriffs of Rhea County, Tennessee.

The motion for summary judgment is based upon the allegations in the complaint, and upon an affidavit of one of the defendants and a copy of a state court complaint. To the extent that the motion for summary judgment is based upon the allegations of the complaint, it will be treated as a motion to dismiss. The plaintiff has filed no counteraffidavits, but rather has responded to the defendants' motion by brief.

The complaint contains the following essential averments. Upon May 4, 1970, at a time when the defendant, Ola C. Harris, was the Sheriff of Rhea County, Tennessee, and the defendants, David Lee Hale and Floyd Kelly, were his deputies, and the defendant, United States Fidelity & Guaranty Company, was the surety on their respective official bonds, the plaintiff's decedent, Floyd Bailey, was an inmate in the Rhea County Jail. Upon that date he was assaulted with a knife and killed by another jail inmate, one Thomas Brown Denton. It is alleged that the defendants Hale and Kelly were each negligent in the performance of their duties as deputy sheriffs and as jailors in that they negligently placed the assailant, Denton, in the jail cell with the plaintiff's decedent at a time when Denton was in an intoxicated condition and while he was armed with a knife which the defendants failed to discover and remove from his person. It is further averred that the defendants were negligent in failing to promptly come

to the decedent's aid. The complaint avers that a prior lawsuit was "timely" filed against the defendants in the state court arising out of the matters complained of in this lawsuit, but that a non suit was taken in that lawsuit upon August 23, 1973. The record reflects that the present lawsuit was filed in this court upon April 29, 1974.

In addition to the foregoing averments in the complaint, the following facts appear undisputed from the exhibits to the motion for summary judgment and from the admissions in the briefs of the parties. Upon May 3, 1971, the plaintiff filed an action for wrongful death in the Rhea County, Tennessee Circuit Court against the defendants herein. Also joined as a party defendant in that lawsuit was the alleged assailant, Thomas Brown Denton. Insofar as the defendants herein are concerned, that lawsuit was based upon averments of common law and statutory negligence, similar in all respects to the present action other than the averment in the present action that such negligence constituted a violation of Section 1983 of the Federal Civil Rights Act.

The affidavit of one of the defendants denies that either of the defendants participated in the arrest or incarceration of Denton, avers rather that this occurred as a result of the action of a state highway patrol officer and further avers that the homicide occurred as a matter of self-defense when the plaintiff's decedent assaulted Denton, with the result that Denton was acquitted upon trial for the homicide.

██ Although not raised by the parties, an initial issue to consider in the present case is whether an action under 42 U.S.C. § 1983 would survive the death of the plaintiff's decedent in view of the absence of any federal wrongful death statute. With regard to any deficiency in the federal law in this regard, Section 1988 of Title 42 U.S.C. provides that the laws of the forum state shall apply where necessary to provide a suitable remedy for enforcement of the Federal Civil Rights statutes. It has accordingly been held that, pursuant to the provisions of Section 1988, the wrongful death statute of the forum state would apply in a federal action seeking to enforce rights secured by Section 1983. Brazier v. Cherry, 293 F.2d 401 (5th Cir. 1961), cert. denied, 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136; Pritchard v. Smith, 289 F.2d 153, 88 A.L.R.2d 1146 (8th Cir. 1961).

██ The initial issue raised by the defendants' motion is as to whether this lawsuit is barred as not having been filed within the one year limitations period provided by T.C.A. § 28–304 [See Harrison v. Wright, 457 F.2d 793 (6th Cir. 1972)], or whether the initial one year limitation period was tolled by the filing and dismissal of the former action in the state court pursuant to the provisions of the Tennessee Savings Statute (T.C.A. § 28–106). The latter statute allows a one year period for the refiling of the lawsuit following its dismissal other than upon the merits. The defendants contend that the savings statute is inapplicable in the present action in that this lawsuit, being a federal civil rights action, is not the same cause of action as the former lawsuit in the state court. The substance of the contention was considered and rejected in the case of Moore v. Fields, 464 F.2d 549 (6th Cir. 1972). In *Moore* the Court held that the "purpose [of the savings statute] is satisfied if the dismissed action gave the defendant fair notice of the nature and extent of plaintiff's claim asserted against him," 464 F.2d at 550. *See also* Burns v. Peoples Tel. & Tel. Co., 161 Tenn. 382, 386–87, 33 S.W.2d 76, 77–78 (1930). As previously noted, the former lawsuit and the present lawsuit are substantially identical in their averments other than that the present lawsuit adds the averment that the negligence of the defendants constitutes a violation of the decedent's civil rights under Section 1983. The defendants' contention of a lack of identity in the cause of action averred

in the present lawsuit and the former lawsuit is without merit. In this same connection, the defendants further contend that the present lawsuit is distinguishable from the former lawsuit in that one of the parties defendant in the former lawsuit, Denton, is omitted as a party defendant in the present lawsuit. This contention is likewise without merit. See 51 Am.Jur.2d, "Limitation of Actions" § 318 at p. 821.

It is next contended by the defendant that, in simply averring negligence upon the part of the defendants, the plaintiff's complaint fails to aver a cause of action under § 1983 for a violation of the decedent's civil rights. As previously noted, the complaint in this lawsuit avers common law and statutory negligence on the part of the defendants in that they negligently caused or permitted an armed and intoxicated prisoner to be confined with the plaintiff's decedent and negligently failed to come to the decedent's aid at the time of the assault.

██ While it is now recognized in the cases that negligence on the part of a state officer may provide the source of a violation of federal civil rights, Puckett v. Cox, 456 F.2d 233 (6th Cir. 1972); Glass v. Hamilton County, Tennessee, 363 F.Supp. 241 (E.D.Tenn.1973), it is nevertheless essential that there be averred a violation of some federally secured right of the complaining party. As stated by this Court in the case of Glass v. Hamilton County, Tennessee, supra, at p. 243:

"Section 1983 protects only federal rights that are violated under color of state law . . . That is, the plaintiff must show that the defendant, while acting under color of state or local authority, subjected the plaintiff, or caused the plaintiff to be subjected, to the deprivation of any rights, privileges or immunities secured to the plaintiff by the Constitution and the laws of the United States. See Nugent v. Sheppard, 318 F.Supp. 314 (N.D.Ind.1970). See also Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)."

In Puckett v. Cox, supra, the Court was presented with a complaint in which it was alleged that prison officials had negligently allowed an insane prisoner to roam freely within the prison and consequently injure the plaintiff. Although recognizing the validity of a Section 1983 action based upon negligent conduct, the Court held that a cause of action was not stated. Quoting Williams v. Field, 416 F.2d 483, 485 (9th Cir. 1969), the Court said that, "In order to be actionable under Section 1983 . . . we believe that more than an isolated incident of negligent failure to protect must be alleged," 456 F.2d at 235. See also Jennings v. Davis, 476 F.2d 1271, 1275 (8th Cir. 1973). Similarly, the complaint in the present case alleges no more than an isolated incident of negligent failure to protect the plaintiff's decedent and fails to aver a denial of equal protection of the laws or a violation of any other constitutionally secured "right, privilege or immunity" of the plaintiff's decedent. Accordingly, the complaint fails to state a cause of action under 42 U.S.C. § 1983.

Nothing in this opinion will be considered as passing judgment upon the plaintiff's claims of common law and statutory negligence.

Treating the defendant's motion for summary judgment as a motion to dismiss on the pleadings, an order will enter sustaining the same and dismissing this lawsuit.