IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON



FILED

September 29, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

**CHESTER R. KELLY,**

Plaintiff-Appellant,

Vs.No. 02A01-9712-CV-00305
Haywood Circuit No. 3228
**JERRY R. WOOTEN and
ANNONA MANUFACTURING,**

Defendants-Appellees.

_

FROM THE HAYWOOD COUNTY CIRCUIT COURT
THE HONORABLE DICK JERMAN, JR., JUDGE

Donald D. Glenn; Waldrop & Hall, P.A. of Jackson
For Defendants-Appellees

Charles H. Barnett, III and Douglas R. Bergeron of Jackson
For Plaintiff-Appellant

*REVERSED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**HERSCHEL P. FRANKS, JUDGE**

This interlocutory appeal involves the application of the Tennessee saving statute to a

voluntary nonsuit.

On August 19, 1994, plaintiff-appellant, Chester R. Kelly, was involved in an automobile accident with the vehicle driven by defendant-appellee, Jerry R. Wooten, and owned by defendant-appellee, Annona Manufacturing. Kelly sustained personal injuries and property damage in the accident, and on August 17, 1995, filed a suit against Wooten, Annona, and Houston General Insurance Company, Annona's liability insurance carrier. Both Annona and Houston General are out-of-state corporations headquartered in Texas. Process was issued, and Kelly's attorney attempted service of process on all defendants by sending a certified letter with summons and complaint to Dan Duvall, a senior claims representative for Houston General. This was the only attempt to serve the defendants, Wooten and Annona. Duvall received a copy of the Summons and Complaint via certified mail on September 20, 1995, outside the 30-day period set out in Rule 4.03 of the Tennessee Rules of Civil Procedure. Duvall returned the Summons and Complaint to Kelly, stating in an accompanying letter that he would not accept service.[1] Duvall sent copies of this letter to both Annona Manufacturing and Wooten.

After receiving the letter from Duvall, Kelly took no further steps in pursuing his lawsuit until August 16, 1996. At that time, Kelly filed a Notice of Voluntary Dismissal with the Haywood County Circuit Court pursuant to Tenn. R. Civ. P. 41.01. Also, on August 16, 1996, Kelly filed the instant suit in Haywood County Circuit Court naming only Jerry R. Wooten and Annona Manufacturing as defendants. Process was issued at that time and served upon both defendants.[2]

---

[1] The letter dated September 22, 1995, returned the Complaint and Summons to Kelly's attorney. Duvall stated his belief that Houston General could not be sued under Tennessee law and that any further issuance of process should be directed to the registered agent for Houston General. There apparently was some misunderstanding concerning service of process on Wooten and Annona Manufacturing. The letter stated:

> In your letter you stated that I indicated I could receive service
> of the lawsuit for the named defendants. Your recollections of
> our conversations concerning this claim are incorrect. I have
> not ever nor will I agree to accept service for the defendants in
> this lawsuit. You will need to serve the named defendants
> directly.

[2]The Appellees raised the contention at oral argument that process may not have been issued in a timely manner. They point to a letter in the record from the Secretary of State for Tennessee which lists the date of service as October 14, 1996. While it seems clear that the Secretary of State did not serve the defendants until after the 30 days required by Tennessee

Wooten and Annona filed an answer and a Motion to Dismiss for Failure to State a Claim

Upon Which Relief Can be Granted. The Motion to Dismiss rested on the ground that

Kelly's suit was barred by the one-year statute of limitations. Several months later, Wooten

and Annona filed an amended Motion for Partial Dismissal to apply to the personal injury

case.

After a hearing on the motion, the trial judge entered an order of dismissal of the personal

injury claim which states:

This cause came on to be heard and upon Defendant's Motion to Dismiss and Amended
Motion for Partial Dismissal, it appears unto this Honorable Court as follows:

1. That on or about August 17, 1995, Plaintiff filed a complaint against the Defendants Jerry
Wooten, Annona Manufacturing and Houston General Insurance Company under cause
number 3171. The Plaintiff attempted to serve all three Defendants on September 13, 1995
by sending a certified letter with summons enclosed to Dan Duvall, an insurance adjuster
with Houston General Insurance Company.

2. That Dan Duvall did not receive the summons until September 20, 1995. On September
22, 1995, Dan Duvall returned the summons to the Plaintiff, instructing him that he would
not accept service. Dan Duvall carbon copied same to both Jerry R. Wooten and Annona
Manufacturing on same date.

3. That on or about August 16, 1996, Plaintiff dismissed said action without prejudice.

4. That on or about August 16, 1996, Plaintiff refiled his action against the Defendants, Jerry
Wooten and Annona Manufacturing under cause number 3228. Upon the filing of this
complaint and summons, process was issued by the Court on August 16, 1996.

5. The Defendants, in response to said complaint filed an answer, Motion to Dismiss and
Amended Motion for Partial Dismissal.

6. That for good cause shown, it is hereby found that the Plaintiff failed to follow the
requirements of T.R.C.P. 3 and 4 and; therefore, is not provided the protection of T.C.A. 28-
1-105, otherwise known as the Savings Statute. The Amended Motion for Partial Dismissal
is hereby GRANTED. Accordingly, all claims asserted by the Plaintiff for which there is a
one year statute of limitations are dismissed with prejudice.

Kelly was granted a Rule 9 Interlocutory Appeal, and the only issue for review is whether the

savings statute is applicable under the facts of this case.

'[T]he construction of the statute [savings statute] and application of the law to the facts is a

question of law.' ***Ganzevoort v. Russell***, 949 S.W.2d 293, 296 (Tenn. 1997)(quoting ***Beare***

***Co. v. Tennessee Dept. of Revenue***, 858 S.W.2d 906, 907 (Tenn. 1993)). Therefore, the

issue before us is one of law, and our standard of review is *de novo* without any presumption

of correctness. ***Ridings v. Ralph M. Parsons Co***., 914 S.W.2d 79, 80 (Tenn. 1996); ***Union***

law had expired, there is no evidence in the record that Kelly played any part in the delay.

3

*Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

Kelly's original complaint as to the personal injury claim was timely filed within the one-year statute of limitations, T.C.A. § 28-3-104 (1980 & 1997 Supp.). However, the second complaint, filed on August 16, 1996, fell well outside the time barrier. Therefore, Kelly's suit will be time-barred unless he can rely on the savings statute to toll the statute of limitations.

The Tennessee savings statute provides:

(a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. Actions originally commenced in general sessions court and subsequently recommenced pursuant to this section in circuit or chancery court shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court.

T.C.A. § 28-1-105(a) (1980 & Supp. 1997).

The Tennessee savings statute is remedial in nature, and the courts in Tennessee have "long been committed to the view that the 'savings statute' . . . should be liberally construed in furtherance of its purpose and in order to bring cases within its spirit and fair intentions." *Cronin v. Howe*, 906 S.W.2d 910, 913 (Tenn. 1995)(citing *Kee v. Shelter Ins.*, 852 S.W.2d 226, 228 (Tenn. 1993)). Further, "[t]he purpose of the Tennessee savings statute is to provide a diligent plaintiff an opportunity to renew a suit that is dismissed by any judgment or decree that does not conclude the plaintiff's right of action." *Id.* at 912 (citing *Dukes v. Montgomery County Nursing Home*, 639 S.W.2d 910, 913 (Tenn. 1982)).

The Tennessee Supreme Court's view of the saving statute was clearly described in *Nashville, C. & St. L. Ry. v. Bolton*.

*The statute has not merely letter but a spirit.* That spirit is manifested in the history of the statute. . . . It is that a plaintiff shall not be finally cast out by the force of any judgment or decree whatsoever, not concluding his right of action, without an opportunity to sue again within the brief period limited.

*Sharp v. Richardson,* 937 S.W.2d 846, 849 (Tenn. 1996) (quoting *Nashville, C. & St. L. Ry. v. Bolton*, 134 Tenn. 447, 455-6, 184 S.W. 9, 11 (1916))(emphasis added).

The savings statute takes on special significance when the plaintiff takes a voluntary nonsuit. The nonsuit serves as a dismissal not on the merits, and in such a situation, the courts of Tennessee have long held that as long as a plaintiff brings a second suit within a year of the

voluntary nonsuit the savings statute will protect the plaintiff and confer "the same procedural and substantive benefits that were available to the plaintiff in the first action." *Cronin*, 906 S.W.2d at 913.

With the above well-established rules of interpretation of the savings statute in mind, we now turn to the determinative issue of the case -- was the original action commenced in accordance with Tennessee law. Tenn. R. Civ. P. 3 governs commencement of an action. *Old Hickory Eng'r. & Mach. Co. v. Henry*, 937 S.W.2d 782 (Tenn. 1996); *Gregory v. McCulley*, 912 S.W.2d 175, 177 (Tenn. App. 1995). Commencement of an action requires the filing of a complaint.[3] *Old Hickory Eng'r. & Mach. Co.,* 937 S.W.2d at 784. We are well aware that the version of Rule 3 in effect at the time of the origination of this suit required both filing of a complaint and summons. Kelly complied with both requirements. Kelly's only failure involved mistakenly sending the summons to the wrong party. Wooten and Annona assert that the applicability of the savings statute depends upon actual notice to the defendants. We agree. Further, they insist that by serving an improper defendant and waiting nearly a year to issue process for the correct parties, Kelly did not act diligently in providing notice of the action.

However, in the present case we find that Wooten and Annona had actual notice of the pending suit. We rely on the Tennessee Supreme Court's decision in the case of *Henley v. Cobb*, 916 S.W.2d 915 (Tenn. 1996). Although *Henley* dealt with the filing of a lawsuit in an improper venue, the Court's analysis of the savings statute's notice requirement appears applicable to the case at bar. Negligence of the party filing the lawsuit was declared not to have an effect on application of the savings statute.[4] *Id*. at 917. The Court in *Henley* stated:

---

[3]Tenn. R. Civ. P. 3 was amended in 1992 to require the filing of a complaint *and* summons in order to "commence" an action. This provision remained in effect until 1997 when the summons requirement was deleted. The Tennessee Supreme Court dealt with the version of Rule 3 requiring the filing of both complaint and summons in *Old Hickory Eng'r and Mach. Co.*. The Court stated that "[a]n action is commenced by filing a complaint." *Old Hickory Eng'r & Mach. Co*., 937 S.W.2d at 784. The Court did not address the requirement of filing a summons.

[4]The appellees rely on the case of *Moran v. Weinberger*, 149 Tenn. 537, 260 S.W. 966 (1924). The *Moran* Court expressed that "the [saving] statute is remedial, and is to be liberally construed, but protection against laches, negligence, or other fault of the plaintiff was no part of its purpose." *Moran*, 149 Tenn. at 543, 260 S.W. at 967. The *Henley* Court expressly stated that *Moran'*s quoted language above was dicta, and "to our knowledge no Tennessee appellate court has ever held that a party is not entitled to invoke the statute because of its fault in suffering the adverse judgment." *Henley*, 916 S.W.2d at 917.

> If, then, the negligence of the party in suffering the adverse judgment is not the test of the saving statute's applicability, but has been merely mentioned in dicta, what is the test? A closer reading of our cases reveals that notice to the party affected is the true test of the [saving] statute's applicability. . . . [T]he crucial consideration was not the technical form of the first action, but the fact that the defendant actually had notice of it. . . .

*Id.* (citing ***Burns v. People's Tel. & Tel. Co.***, 161 Tenn. 382, 33 S.W.2d 76 (1930)).

On September 22, 1995, Dan Duvall, a senior claims adjuster for Houston General, mailed a letter to Kelly's attorney. This letter was in response to the receipt of a summons and complaint in the original action. Duvall copied the letter to both Wooten and Annona Manufacturing. We find that appellees received actual notice of Kelly's suit in the letter Duvall sent to Kelly's attorney on September 22, 1995. In this letter Duvall declared: "This will acknowledge receipt of your September 13, 1995 letter with which you transmitted the Summons and Complaint in Civil Action No. 3171, styled Chester R. Kelly v. Jerry R. Wooten, Annona Manufacturing, and Houston General Insurance Company, which is currently pending in the Circuit Court of Haywood County, Tennessee." It can hardly be argued that Wooten and Annona Manufacturing did not have notice that a suit against them was pending. In fact, both parties had notice not only that an action was pending, but in what county and what court the action was brought. The parties even had the docket number of the case.

Because both defendants had actual notice of Kelly's claims against them, we cannot agree that the plaintiff's failure to issue process on the correct parties precludes application of the savings statute. Kelly filed a nonsuit within a year of initiating the action, and subsequently refiled his suit within the time allowed.

Kelly also urges this Court to find that the filing of his lawsuit satisfies Tenn. R. Civ. P. 3.

The 1995 version of Rule 3 provides as follows:

> All civil actions are commenced by filing a complaint and summons with the clerk of the Court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint and summons, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for thirty (30) days or is not served or is not returned withing thirty (30) days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of the statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one (1) year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint and summons.

Tenn. R. Civ. P. 3.

Kelly timely filed his original lawsuit on August 17, 1995, well within the one-year statute of

limitations provided by Tennessee law. Service of process on the out-of-state defendants was attempted; however, Kelly mistakenly served the wrong party. Therefore, under Tenn. R. Civ. P. 3, in effect at the time, Kelly had until August 16, 1996 to reissue process upon Wooten and Annona. On August 16, 1996, Kelly dismissed the original complaint and filed a new complaint with the Haywood County Circuit Court. Both complaints stated the same cause of action. The only difference was that Houston General was dropped as a defendant.

Wooten and Annona urge this Court to disregard Kelly's claim that the filing of the new lawsuit and issuance of process constituted issuance of "new process" under Rule 3. Further, they urge us to conclude that Kelly did not have the "option of filing a new lawsuit." Instead, they contend that Kelly could only fall under the protection of Rule 3 if he obtain new process on the original claim.

We respectfully disagree with these assertions. Kelly filed a lawsuit on August 16, 1996 essentially identical to his original suit. Process was issued at that time.[5] To declare that the issuance of process on August 16, 1996 does not fall under Rule 3 would be to approve form over substance. In **Henley v. Cobb**, 916 S.W.2d 915 (Tenn. 1996) our Supreme Court said:

Within recent years our Court, as well as the Courts of last resort in other States, has paid more attention to the basic and intrinsic rights of the parties than it has to form, doing justice between the parties in administering the spirit of the law instead of the cold letter of the law. . . .

916 S.W.2d at 916-917 (quoting **General Accident Fire & Life Assur. Corp. v. Kirkland**, 210 Tenn. 39, 43, 356 S.W.2d 283, 285 (Tenn. 1962)). Relying on the spirit of Rule 3, we hold that Kelly's second lawsuit, filed on August 16, 1996, is not time barred and may proceed.

Finally, Wooten and Annona correctly state that Tenn. R. Civ. P. 41.01 requires the nonsuiting party to serve the opposing party with the complaint. They further suggest that failure to serve the complaint on the Appellees renders Kelly's nonsuit void. We disagree. Wooten and Annona cite no case law, and we can find none, that supports their conclusion. Instead, we look to the Advisory Commission Comments from 1991.[6] "Such a requirement

---

[5]As stated earlier in this opinion, Wooten and Annona raised the contention at oral argument that process was not issued on August 16, 1996. However, the record is inconclusive to that assertion.

[6]T.R.C.P. was revised in 1991 to require written notice of the nonsuit and service of a copy of the complaint on the other parties.

helps cure the injustice of a plaintiff filing a complaint and summons under Rule 3 and immediately taking a nonsuit.  If the saving statute applies, the plaintiff would get the benefit of tolling a statute of limitations without the defendant knowing of any litigation." Tenn. R. Civ. P., 41.01, Advisory Committee Comment to 1991 amendment.

It appears that notice is the primary reason for the 1991 added requirements of Rule 41.01. Since we have previously determined that both defendants had actual notice of the lawsuit against them, we hold that while  Kelly may have technically violated the cold letter of the rule defendants were not prejudiced.

The judgment of the trial court is reversed, and this case is remanded for such further proceedings as may be necessary.  Costs of the appeal are assessed against the appellees.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**
**CONCUR:**


_____
**ALAN E. HIGHERS, JUDGE**


-------------------------------------
**HERSCHEL P. FRANKS, JUDGE**