Uhas, Admr., Appellant, *v*. New York Central Rd. Co., Appellee.

(No. 558—Decided April 20, 1942.)

*Messrs. McCrystal & McCrystal,* for appellant.

*Messrs. Flynn, Frohman, Buckingham, Py & Kruse,* for appellee.

Overmyer, J. This is an action for wrongful death and was brought by the plaintiff as administrator of the estate of the decedent, a minor son of plaintiff, who was killed on May 5, 1937, allegedly by a boxcar of the defendant railroad company while decedent was employed by The Medusa Cement Company in this county.

The original petition was filed in Common Pleas Court on June 28, 1937, and was given case number 22166. In November 1938, the action was dismissed by the plaintiff without prejudice to a new action. On January 16, 1939, and before the expiration of the time limited by the general statute of limitations for the

bringing of an action for wrongful death, to wit, within two years after the cause thereof arose (Section 11224-1, General Code), a new petition was filed and the cause was given number 22906, setting forth the same cause of action as the original petition. On October 9, 1939, this action was dismissed by the court for want of prosecution.

Thereafter, on September 27, 1940, the present action was brought and the cause given number 23536, the action being based upon the same cause of action as the former petition and is between the same parties. An answer was filed by the defendant company, setting forth the foregoing facts and alleging that by reason of these facts this action can not be maintained because it does not come within the saving clause of the statute, *viz.*, Section 11233, General Code.

No reply was filed by plaintiff and thereupon the defendant moved for judgment on the pleadings which, upon consideration, was sustained and judgment entered accordingly for the defendant. From that judgment this appeal is prosecuted.

Section 11233, General Code, in the respects pertinent here, is as follows:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff be reversed, *or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of* reversal *or failure has* expired, *the plaintiff,* or, if he dies and the cause of action survives, his representatives *may commence a new action within one year after such date.* * * *" (Italics ours.)

A chronology of the dates involved is as follows:
May 5, 1937—death of decedent;
June 28, 1937—petition in case No. 22166 filed;
November 1938—Cause No. 22166 dismissed by plaintiff;

January 16, 1939—Petition in cause No. 22906 filed;
October 9, 1939—Cause No. 22906 dismissed for want of prosecution;

September 27, 1940—This action, No. 23536, filed.

It will be noted that when the action was dismissed by the plaintiff in November 1938, the two-year limitation provided for the bringing of such action under Section 11224-1, General Code, had not expired; therefore, Section 11233, General Code, the statute titled "Saving in case of reversal," etc., did not apply, for that section by its specific terms applies only when "the time limited for the commencement of such action at the date of reversal *or failure has expired,*" that is, *failure* "otherwise than upon the merits." (Italics ours.)

The second action, filed on January 16, 1939, was also filed before the expiration of the two-year limitation of this character of action, the cause whereof arose on May 5, 1937. When, therefore, that action was dismissed on October 9, 1939, for want of prosecution, a year had not elapsed following that order when the petition herein was filed on September 27, 1940, and under Section 11233, General Code, applied to the order of October 9, 1939, which it can be because the general two-year limitation for bringing the action then *had expired,* we must conclude that the present action is well brought and that the Common Pleas Court erred in holding otherwise.

The judgment will be reversed and the cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

Lloyd and Carpenter, JJ., concur.