STANLEY BALSINGER, Petitioner,

*v.*

EARL GASS, JAMES ERWIN KUYKENDALL and DR. OTHA
YARBERRY, Respondents.

379 S.W.2d 800

(*Knoxville,* September Term, 1963.)

Opinion filed June 4, 1964.

344

J. D. Lee, Madisonville, for petitioner.

James Foglesong, Knoxville, Poore, Cox, Baker & McAuley, Knoxville, of counsel, for respondents Gass & Kuykendall.

J. H. Doughty, Knoxville, Hodges, Doughty & Carson, Knoxville of counsel, for respondent Yarberry.

Mr. Justice Holmes delivered the opinion of the Court.

The question presented for decision in this case is whether or not the action is saved from the bar of the statute of limitations by virtue of the provisions of T.C.A. sec. 28-106. The Trial Judge and the Court of Appeals held the action was barred. We have granted certiorari and heard oral argument.

This is a tort action for personal injuries. The accident occurred June 13, 1961. The plaintiff filed his first action on September 20, 1961. He took a voluntary nonsuit in that case on November 21, 1961. He filed a second suit on the same cause of action on January 20, 1962, which was, of course, prior to the running of the one year statute of limitations. A voluntary nonsuit was taken in this second action on November 30, 1962 after the running of the statute of limitations. The present action was commenced January 8, 1963.

T.C.A. sec. 28-106 provides:

"If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or

his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest."

In a number of cases it has been held this statute is remedial and should be liberally construed in furtherance of its purpose. *Nashville, C. & St. L. Railroad v. Bolton,* 134 Tenn. 447, 184 S.W. 9; *Reed v. Cincinnati, N. O. & T. P. Railroad,* 136 Tenn. 499, 190 S.W. 458; *Bryant v. Mulder,* 163 Tenn. 600, 45 S.W.2d 48; *Brooksbank v. Roane County,* 207 Tenn. 524, 341 S.W.2d 570. Where otherwise applicable, the statute has been held repeatedly to embrace a dismissal by voluntary nonsuit. *Memphis & C. Railroad v. Pillow,* 56 Tenn. 248; *Reed v. Cincinnati, N. O. & T. P. Railroad,* supra; *Fowler v. Herman,* 200 Tenn. 201, 292 S.W.2d 11. This statute "does not apply where the cause of action is not barred by the statute of limitations." *Dushan v. Metropolitan Life Insurance Company,* 14 Tenn.App. 422, 431; *Winborn v. Alexander,* 39 Tenn.App. 1, 24, 279 S.W.2d 718.

The briefs of counsel do not cite us to any opinion by this Court, and our investigation reveals none, construing this statute in a case where two actions on the same cause of action were instituted prior to the running of the statute of limitations and a third action was brought within one year after the inconclusive dismissal of the second action.

In *Reed v. Cincinnati, N. O. & T. P. Railroad,* 136 Tenn. 499, 190 S.W. 458, in *Turner v. N. C. & St. L. Ry.,* 199 Tenn. 137, 285 S.W.2d 122, and in the Court of Civil Appeals case of *Boyce v. Southern Railroad Co.,* 5 Tenn.Civ. App. 140, only one action was brought prior to the running of the statute of limitations. In each of these cases

a voluntary nonsuit was taken after the statute of limitations had run and a second suit was filed within one year of the nonsuit. Thereafter there was an inconclusive dismissal of the second suit in each of these cases and a third suit was filed more than one year after a nonsuit had been taken in the only suit filed before the running of the statute of limitations. In each of these cases it was held that this third suit under the facts of those cases could not be maintained. In each case the third suit was not commenced within one year after the termination of the action that was brought within the time limited by the statute of limitations.

In the present case, the third action was brought within one year after the dismissal of the second suit, which suit was brought within the time limited by the statute of limitations.

In the Boyce case, the Court of Civil Appeals recognized that the rule announced in that case would not be applicable where two suits were brought before the running of the statute. At Page 145 of 5 Civ.App., that Court stated:

"The case cited by learned counsel from Missouri, [*Wetmore v. Crouch*] 188 Mo. 647, [87 S.W. 954] does not support his insistence for the reason that it appears from the opinion delivered in that case, that two of the suits involved were begun and dismissed within the period of the statute of limitations, and that the third and last one was instituted within one year from the dismissal of the second suit".

The Missouri case referred to in the Boyce case is *Wetmore v. Crouch*, 188 Mo. 647, 87 S.W. 954. The opinion of the Missouri Court at 651 of 188 Mo., at 954 of 87

S.W., shows that the cause of action accrued in May 1889. The first suit was commenced in 1890 and was dismissed in 1893. The second suit was commenced in April 1894 and was dismissed in January 1902. The third suit was commenced April 28, 1902. The opinion does not show what was the period of limitation, but it does state:

"These suits, (the first two suits) then, were begun before the statute of limitations ran. The present suit, however, was filed on April 28, 1902, and the statute of limitations had run, unless arrested by the provisions of said section, which reads:

" 'If any action shall have been commenced within the time respectively prescribed in this chapter, and the plaintiff therein suffer a nonsuit, * * such plaintiff may commence a new action from time to time, within one year after such nonsuit'."

The Missouri Court then held that the third action, which was commenced within one year after the inconclusive dismissal of an action commenced before the statute of limitations ran, was saved from the bar of the statute of limitations by the Missouri statute quoted above, which is substantially the same as T.C.A. sec. 28-106.

The statement in the Boyce case that two of the suits in the Missouri case were begun and *dismissed* within the period of the statute of limitations appears to be an inadvertence since, as stated in the opinion in the Missouri case, the cause of action accrued in May 1899 and the second suit was commenced in April 1894 and was dismissed in January 1902. The third suit was brought on April 28, 1902. It seems hardly possible, since the cause of action accrued in the month of May, that the bar of the statute of limitations became effective between

January 1902 and April 28, 1902. Nowhere in its opinion does the Missouri Court say that the second action was dismissed prior to the running of the period of limitation.

In other states having statutes substantially the same as T.C.A. sec. 28-106, the Courts have held under the same factual situation presented in the case now before the Court that such statute saved the action from the bar of the statute of limitations. In *Robinson v. Merchants' & Miners' Transp. Co.*, 16 R.I. 637, 19 A. 113, it was held that where the first and second suits were commenced within the period prescribed by the statute of limitations and the third suit was brought after the running of the statute, within one year of the dismissal of the second suit, such third suit was timely brought. The Rhode Island statute being construed by the Court in that case provides:

"If any action, duly commenced within the time limited and allowed therefor in and by this chapter, shall be abated, or otherwise avoided or defeated, by the death of any party thereto, or for any matter, or if, after verdict for the plaintiff, the judgment shall be arrested, the plaintiff may commence a new action, for the same cause, at any time within one year after the abatement or other determination of the original suit".

In construing this statute, the Court stated:

"The obvious purpose of the section is to enable a plaintiff to bring an action after the general period of limitation has expired, provided he has duly commenced any action for the same cause within said period, and lost the benefit of it in either of the modes described, and the section, being remedial, should be liberally construed, in furtherance of its purpose. So

construed, the section evidently means, by 'any action duly commenced,' not the first, but the last, of any actions duly commenced, where more than one action have been duly commenced within the general period; and, if so, of course, by 'the original suit,' the last of such actions,—the last being regarded as 'original,' relatively to the new action brought after the general period has expired." 19A. at 114.

In *Uhas v. New York Cent. R. Co.,* 70 Ohio App. 464, 46 N.E.2d 677, that Court held under the same factual situation as that in the present case that the third action was saved from the bar of the statute of limitations by Section 11233 of the Ohio General Code. The pertinent part of that statute is:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff be reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date."

In that case the cause of action arose May 5, 1937. The first suit was filed June 28, 1937 and was dismissed by the plaintiff November 1938. January 16, 1939 a second suit was filed which was dismissed for want of prosecution October 9, 1939. The third suit was commenced September 27, 1940. The period of limitation for the action was two years. In holding the September 1940 action was brought within the time allowed by the statute, the Court stated:

"It will be noted that when the action was dismissed by the plaintiff in November 1938, the two-year limitation provided for the bringing of such action under Section 11224-1, General Code, had not expired; therefore, Section 11233, General Code, the statute titled 'Saving in case of reversal,' etc., did not apply, for that section by its specific terms applies only when 'the time limited for the commencement of such action at the date of reversal *or failure has expired,*' that is, *failure* 'otherwise than upon the merits.'

"The second action, filed on January 16, 1939, was also filed before the expiration of the two-year limitation of this character of action, the cause whereof arose on May 5, 1937. When, therefore, that action was dismissed on October 9, 1939, for want of prosecution, a year had not elapsed following that order when the petition herein was filed on September 27, 1940, and under Section 11233, General Code, applied to the order of October 9, 1939, which it can be because the general two-year limitation for bringing the action then *had expired,* we must conclude that the present action is well brought and that the Common Pleas Court erred in holding otherwise." 46 N.E.2d at 678.

*Turner v. N. C. & St. L. Ry.,* 199 Tenn 137, 285 S.W.2d 122, in which the present Chief Justice spoke for the Court, is also reported in 54 A.L.R.2d 1225. In the annotation following this report of the Turner case, the annotator states:

"the rule against successive actions and successive extensions has generally not been regarded as forbidding an extension after successive actions brought within the period of limitations, only the latest of which

terminated after limitations had expired, or as forbidding successive actions within the initial one-year period.'' Page 1231 of 54 A.L.R.2d.

In the Turner case the Court quoted with approval from *Reed v. Cincinnati, N. O. & T. P. Railroad,* supra, as follows:

''The statute was clearly intended for the benefit of a plaintiff whose case had for some reason, for which he should not be made to suffer, been dismissed without a hearing on the merits, and we think the true construction of the act is, as stated in [*Memphis & C.*] *R. Co. v Pillow,* supra (56 Tenn. 248), *that the new suit, or any subsequent suit, must be instituted within one year after the termination of the action that was brought* 'within the time limited' by the statute of limitations.'' 199 Tenn. at 140, 141, 285 S.W.2d at 123.

In the case now before the Court, the second suit was brought ''within the time limited by the statute of limitations'' and the present suit was brought within one year after the termination of that action.

In the Turner case, at the outset it is stated there are two questions involved in that case:

''The first is whether or not we should change the rule of statutory construction, adopted by this Court in *Reed v. Cincinnati, N. O. & T. P. R. Co.,* 136 Tenn. 499, 190 S.W. 458, 459, of Code Section, Williams' Annotated Code, sec 8572. (now T.C.A. sec. 28-106).'' 138 of 199 Tenn., 122 of 285 S.W.2d.

In the Turner case, the rule of the Reed case was in all respects reaffirmed. The same contention was being made in that case which had been made in the Boyce and

Reed cases, namely, that an indefinite succession of suits on the same cause of action could be brought under T.C.A. sec. 28-106 so long as the action was commenced within one year after the last inclusive dismissal regardless of whether or not the previous action thus dismissed was brought within the statutory period of limitation. This contention was rejected by the Court in each of those cases.

██ Under T.C.A. sec. 28-106, all actions which may be brought by virtue of that statute must be brought within one year after the inconclusive dismissal of an action brought within the period of the applicable statute of limitations. The present action was brought within that period. The fact that a prior action had been brought and dismissed within the period of limitation does not prevent the application of the saving statute to this action. While in some of our cases the statement is made that the new action must be commenced within one year after the "first nonsuit," that language is used only in cases in which the first case was the only case brought prior to the running of the statute of limitations.

"It is a maxim not to be disregarded that general expressions, in every opinion are to be taken in connection with the case in which those expressions are used." *National Life & Accident Ins. Co. v. Eddings,* 188 Tenn. 512, 523, 221 S.W.2d 695; *Prince v. Prince,* 205 Tenn. 451, 455, 326 S.W.2d 908.

In the instant case, the second action was brought wholly independently of any rights given a plaintiff under T.C.A. sec. 28-106. The only action brought by plaintiff invoking the provisions of that statute is the present case, which was brought within one year after a voluntary

354

nonsuit was taken in an action which was "commenced within the time limited by a rule or statute of limitation."

For the reasons stated, the decree of the Court of Appeals is reversed. The cause is remanded to the Circuit Court of Monroe County for further proceedings not inconsistent with this opinion. The costs of the appeal are adjudged against the defendants in error. The costs in the Trial Court will be adjudged by that Court.