**Dannie G. MOREHEAD, Appellant,**

v.

**Grady E. CLOPTON, Appellee.**

Supreme Court of Tennessee.

Oct. 7, 1974.

Dan Garfinkle, Nashville, for appellant.

Robert P. Thomas, Nashville, for appellee.

## OPINION

COOPER, Justice.

This action is before this court on appeal from a judgment entered in the Circuit Court of Davidson County awarding Dannie G. Morehead $2,324.93 as compensation for damages sustained in an automobile accident which occurred on August 14, 1971, at the intersection of Albion and 32nd Avenue North, in Nashville, Tennessee. The question to be decided is whether or not the action is saved from the bar of the statute of limitations by virtue of the provisions of T.C.A. § 28–106.

The appellee originally filed an action against Grady E. Clopton in the General Sessions Court of Davidson County on July 13, 1972, which was within the one year limitation period set out in T.C.A. § 28–304. Service was obtained on a Grady E. Clopton, but not the Grady E. Clopton involved in the accident.

Thereafter, on October 13, 1972, appellee took a voluntary nonsuit and refiled the suit in sessions court against Grady E. Clopton. Service was then had upon Grady E. Clopton, the son of the man on whom service was had on the original warrant.

Mr. Clopton filed a plea of the statute of limitations, which was sustained by the sessions judge.

On appeal to the circuit court, the plea was overruled and judgment was entered in favor of the appellee for the stipulated damages.

T.C.A. § 28–106 provides that:

"If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff or his representatives and priv-ies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest."

Actions brought before justices of the peace, or their successors, the general sessions courts, are within the statute relating to commencement of new actions. Moran v. Weinberger, 149 Tenn. 537, 260 S.W. 966 (1923). And, where otherwise applicable, the "saving statute" embraces a dismissal by voluntary nonsuit. Balsinger v. Gass, 214 Tenn. 343, 379 S.W.2d 800 (1964), and cases there cited. The new action "must be confined in its parties and purpose, and in the cause on which the action rests, to its original limits [of jurisdiction]." Moran v. Weinberger, supra, 149 Tenn. at page 546, 260 S.W. at page 968.

Appellant insists the parties in the two actions filed by appellee were not the same and that appellee cannot avail himself of the saving provision of T.C.A. § 28–106.

This is not borne out by the facts stipulated by the parties. The style of both the original warrant and the second warrant was Dannie G. Morehead vs. Grady E. Clopton. The Grady E. Clopton named in both warrants was the Grady E. Clopton involved in the automobile accident with the appellee on August 14, 1971, at the intersection of Albion and 32nd Avenue North in Nashville, Tennessee. This fact was not changed in any way by the error of the sheriff in serving the original warrant on the wrong Grady E. Clopton.

As we view it, the second suit is the same as the first and appellee is entitled to the benefit of the saving clause in T.C.A. § 28–106.

Affirmed. Costs are adjudged against appellant, Grady E. Clopton, and his surety.

FONES, C. J., and BROCK, HENRY, and HARBISON, JJ., concur.