Edwin S. OLSMITH, Jr. and Judith C. Olsmith, as Parents of and Next of Kin to Nancy Lynn Olsmith, Deceased, Plaintiffs,

v.

YELLOW FREIGHT SYSTEMS, INC., Defendant.

No. 2:96–0115.

United States District Court, M.D. Tennessee, Northeastern Division.

March 27, 1997.

Sidney W. Gilreath, Gilreath & Associates, Knoxville, TN, Robert J. Patterson, Patterson & Associates, Corpus Christi, TX, for Plaintiffs.

Tyree Bryson Harris, IV, Lisa L. Ramsay, Lewis, King, Krieg & Waldrop, Nashville, TN, for Defendant.

## ORDER

WISEMAN, Senior District Judge.

For the reasons stated in the accompanying memorandum entered contemporaneously herewith, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), including its request for oral argument subsequently filed, is DENIED.

It is so ORDERED.

## MEMORANDUM

Before the Court is the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) of defendant Yellow Freight System, Inc. ("Defendant") in the above-captioned matter. The instant motion requires the Court to rule upon whether the Tennessee savings statute, T.C.A. § 28–1–105, applies to provide a one year refiling period when a complaint has been voluntarily dismissed within the applicable statute of limitations. Because the Court has been able to decide the instant matter based upon the materials presently before it, Defendant's motion is properly considered one for dismissal under Rule 12(b)(6) rather than one for summary judgment. For the reasons set forth below, Defendant's motion, including its request for oral argument subsequently filed, is DENIED.

### I. Procedural History

Plaintiffs Edwin S. Olsmith, Jr. and Judith C. Olsmith ("Plaintiffs") are the parents of Nancy Lynn Olsmith, who died on January 13, 1995 as the result of injuries suffered in

an automobile collision with one of Defendant's tractor-trailers one week earlier on January 6. The accident occurred on Interstate 40 in Cumberland County, Tennessee. Plaintiffs filed a wrongful death lawsuit in the United States District Court for the Southern District of Texas, Galveston Division, on February 14, 1995. Upon Defendant's motion, the case was transferred by the Texas court to the United States District Court for the Middle District of Tennessee, Northeastern Division, on March 27, 1995. Plaintiffs moved for voluntary dismissal of their claim on July 24, 1995 pursuant to Fed.R.Civ.P. 41(a). Their case was dismissed without prejudice by court order entered August 28, 1995.

Plaintiffs recommenced their action by filing it in the circuit court for Cumberland County, Tennessee on March 7, 1996. After the dismissal of defendant Benjamin Rowe, Jr. (the driver involved in the accident with Plaintiffs' decedent) by agreed order, Defendant removed this cause under 28 U.S.C. § 1441(a) based upon the diversity subject matter jurisdiction, 28 U.S.C. § 1332, of the district court.

## II. Legal Analysis

Defendant asserts that Plaintiffs have failed to state a claim upon which relief may be granted and that dismissal is warranted under Rule 12(b)(6) because Plaintiffs' cause is time-barred under Tennessee's one year statute of limitations for personal injury claims. There is no disagreement in this case that, as a wrongful death action, Plaintiffs' claim is subject to the one year limitations period set forth in T.C.A. § 28–3–104 (Michie Supp.1996).[1] As stated by the Tennessee Supreme Court in *Jones v. Black:*

> While there is no specific statute of limitations contained in the Tennessee wrongful death statutes, ... the rule has long been followed in this state that the Tennessee statutes, in theory, preserve the right of action which the deceased himself would have had, and they basically have been construed as falling within the "survival"

type of wrongful death statutes. For many years, the courts of this state have applied the one-year statute of limitations ... governing actions for personal injuries[ ] to actions for wrongful death....

539 S.W.2d 123, 123 (Tenn.1976) (citations omitted).

The parties dispute, and the Court must decide, the extent to which the Tennessee savings statute, T.C.A. § 28–1–105, preserves Plaintiffs' cause of action against Defendant. The savings statute provides in relevant part that:

> If [an] action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may ... commence a new action within one (1) year after the reversal or arrest.

T.C.A. § 28–1–105(a) (Michie Supp.1996). As a judgment other than upon the merits, Plaintiffs argue that their election to voluntarily dismiss their claim and refile it in state court after the expiration of Tennessee's one year limitations period is protected by operation of the savings statute. Defendant counters that, because Plaintiffs' voluntary dismissal occurred within the one year statute of limitations, the savings statute is inapplicable to the recommencement of their lawsuit. Simply stated, the issue posed by the instant motion is whether the Tennessee savings statute attaches to wrongful death claims voluntarily dismissed within the one year statute of limitations applicable to such actions.

It is well-settled that application of the savings statute is limited to the recommencement of actions initially brought within the statute of limitations. *Poore v. Magnavox Co. of Tennessee,* 666 S.W.2d 48, 50

---

1. T.C.A. § 28–3–104 provides in pertinent part:
(a) The following actions shall be commenced within one (1) year after the cause of action accrued: ... (1) Actions for libel, for injuries

to the person, false imprisonment, malicious prosecution, [or] breach of marriage promise....
T.C.A. § 28–3–104 (Michie Supp.1996).

(Tenn.1984); *Poppenheimer v. Bluff City Motor Homes,* 658 S.W.2d 106, 110 (Tenn.Ct. App.1983). That is, T.C.A. § 28–1–105 does not apply to the refiling of claims that were themselves preserved by the savings statute. *Banks v. Dement Constr. Co., Inc.,* 817 S.W.2d 16, 18 (Tenn.1991); *Bennett v. Town & Country Ford, Inc.,* 816 S.W.2d 52, 54 (Tenn.Ct.App.1991). It is equally clear, however, although less prevalently discussed in the decisional law, that the savings statute applies when a wrongful death action is both filed and voluntarily dismissed before the running of the statute of limitations.

Defendant offers two cases, *Balsinger v. Gass,* 214 Tenn. 343, 379 S.W.2d 800 (1964), and *Dushan v. Metropolitan Life Ins. Co.,* 14 Tenn.App. 422 (1931), as authority for the proposition that extension of the one year refiling period provided in T.C.A. § 28–1–105 is confined to claims both dismissed and recommenced after expiration of the statute of limitations. As Plaintiffs have demonstrated in their response memorandum, these cases fail to support Defendant's contention that adjudication other than on the merits must take place after the applicable limitations period in order to trigger operation of the savings statute.

Although the Tennessee Court of Appeals stated in *Dushan* that the savings statute does not apply where the underlying cause of action is not barred by the statute of limitations, 14 Tenn.App. at 431, closer examination of the opinion reveals that Defendant's reliance upon it is misplaced. The defendant life insurance company in *Dushan* had issued two policies on the life of plaintiff's husband. Seven years after her husband abandoned her, plaintiff instituted suit in 1925 to recover the proceeds of the two insurance policies. *Id.* at 428. After the chancellor ruled in plaintiff's favor, the court of appeals found that the evidence was insufficient to warrant a presumption of the husband's death. *Id.* Plaintiff's case was then transferred to the Tennessee Supreme Court by certiorari where the decision of the court of appeals was affirmed. Yet, upon plaintiff's application, the supreme court permitted her to dismiss her cause pending further factfinding. Plaintiff thereafter petitioned to have

her suit dismissed without prejudice, and judgment was entered thereon in 1927. *Id.*

Through counsel and in conjunction with other family members, plaintiff continued to investigate her former husband's disappearance and rumors as to his whereabouts. Finally, on December 11, 1930, plaintiff again brought suit against the insurance company alleging that her husband was dead. The jury returned a verdict that the plaintiff's husband had died on or about March 15, 1925, which the court of appeals found to be supported by sufficient material evidence. *Id.* at 424, 429.

The insurance company had asserted as a ground for its appeal that plaintiff's second complaint of 1930 had not been filed within one year of the dismissal without prejudice of her earlier cause of action as required by the savings statute. In clarifying its observation that the savings statute is inapplicable to the recommencement of claims originally brought, voluntarily dismissed and refiled within the statute of limitations, the *Dushan* court noted that:

> [The savings statute] ... does not operate to limit or abridge the general statutes of limitations, and if the right of action is not barred by the general statute a new suit may be instituted at any time before the Statute of Limitations bars the right of action, regardless of whether it be one or more years after the dismissal of the original suit.

*Id.* at 432. In Mrs. Dushan's case, a six year statute of limitations applied to claims on insurance policies under Tennessee law. *Id.* at 431. Because her right of action did not accrue until the actual or adjudicated date of her husband's death, which the jury found to be March 15, 1925, Mrs. Dushan's second complaint of 1930 was filed before expiration of the applicable limitations period. In such a case, invocation of the savings statute is inapposite because there is in essence nothing to save.

*Dushan* is therefore best understood as permitting the statute of limitations to have run *in the interim* between voluntary nonsuit and the refiling of a claim. That is, the holding of the *Dushan* court with respect to operation of the savings statute is merely

that its one year provision may not be called upon to foreshorten the full running of the statute of limitations. When viewed in this manner, *Dushan* is entirely consistent with Plaintiffs' position in this matter. Defendant has attempted to extrapolate from *Dushan* the requirement that the statute of limitations run in advance of *both* the voluntary dismissal and refiling of a cause of action in order for the savings statute to control. The Court is unwilling to draw such an unwarranted conclusion. Application of the savings statute is assuredly tied to the running of the statute of limitations, yet an action need only be "saved" if it is refiled or recommenced after the termination of the applicable limitations period. The date of voluntary dismissal or other nonmerits adjudication is simply immaterial, except to the extent that it initiates the one year limitations period provided by the savings statute.

The opinion of the Tennessee Supreme Court in *Balsinger v. Gass* is similarly unhelpful to Defendant, for it largely repeats the holding of *Dushan* (and indeed cites to the prior opinion) that the savings statute is triggered by the refiling of an action after expiration of the statute of limitations regardless of whether the action was voluntarily dismissed within the applicable limitations period.[2] 379 S.W.2d at 805. The *Balsinger* plaintiff had filed three tort actions for personal injuries and had voluntarily nonsuited the first two within the period defined by the statute of limitations. *Id.* at 801. Both the circuit court and court of appeals ruled that the plaintiff's third claim, filed after the one year limitations period, was barred by the running of the statute. The supreme court reversed, however, finding that the third action, although filed after expiration of the statute of limitations, was brought within a year of the last voluntary nonsuit and was therefore preserved by operation of the savings statute. *Id.* at 805. Quite significantly for purposes of the instant motion, the supreme court concluded that, "The fact that a prior action ha[s] been brought *and dismissed* within the period of limitation does not prevent the application of the saving statute to [a later] action." *Id.* (emphasis supplied).

*Balsinger*, like *Dushan*, thus stands for a proposition quite contrary to that assigned it by Defendant in this matter. The facts and procedural history presented by the instant motion are substantially similar to those involved in *Balsinger*. Where, as here, a tort claim has been brought and voluntarily dismissed within the applicable limitations period, recommencement of the cause of action after expiration of the statute of limitations is permissible provided the claim has been refiled within one year of dismissal as required by T.C.A. § 28–1–105.

This conclusion is entirely consistent with that of the Tennessee Court of Appeals in *Logan v. Whitmore*, No. 02A01–9204–CV–00098, 1992 WL 195956 (Tenn.Ct.App. Aug.17, 1992).[3] There, the court of appeals reversed the trial court's finding that the plaintiff's personal injury claim was not preserved by the savings statute because her nonsuit had been taken prior to the running of the statute of limitations. *Id.* at *1. Quoting T.C.A. § 28–1–105, the court of appeals reasoned that:

**2.** Provided of course that the second action has been brought within one year of voluntary dismissal in accordance with the savings statute.

**3.** In its memorandum, Defendant attempts to disparage Plaintiffs' reliance upon *Logan v. Whitmore* by asserting that, as an unreported decision, it lacks precedential value and its use is not contemplated by the local rules of the Middle District of Tennessee. (Def.'s Mem. in Supp. Mot. to Dismiss at 2.) The Court makes two observations in this regard. First, when sitting in diversity jurisdiction, the district courts must give due deference to the interpretation of state law by state courts. In this case, *Logan* is, both procedurally and substantively, the most analogous case presented by the parties to the case at

bar. The fact that it is an unreported decision is of little consequence because it is readily available on a widely-used electronic database. Moreover, although Local Rule 8(c)(3) provides that citations to reported state cases in briefs submitted to the Court should include parallel cites where available, this reference is not intended to bar or otherwise delimit the use of appropriate case law. Bluebook Rule 10.8.1(a) sets forth the standard citation guidelines for unreported opinions appearing in electronic databases. *A Uniform System of Citation* Rule 10.8.1, at 68 (16th ed.1996). Use of this rule by the parties in this matter has facilitated Court consideration of a significant opinion.

132

The plain language of this statute grants a plaintiff one (1) year to refile any action which was originally filed within the statute of limitations period, after a voluntary dismissal of his claim not upon the merits. The statute says nothing about requiring the statute of limitations to have run prior to such dismissal in order for the one (1) year period to refile to apply and we see no reason to read such a requirement into the statute.

*Id.* at *1. Moreover, in contrast to Defendant's citation and arguments thereunder, the *Logan* court correctly construed *Balsinger* to hold that the Tennessee savings statute applies to preserve a cause of action "regardless of the number of dismissals and refilings made by the plaintiff, as long as the final filing of the lawsuit was within one (1) year of the voluntary dismissal of a lawsuit ... filed within the statute of limitations period." *Id.* at *2.

■ This Court is wholly in agreement with the analysis of the *Logan* court and its application to this case. Under Tennessee law, a cause of action that has been previously adjudicated and dismissed other than upon the merits may be refiled after expiration of the applicable statute of limitations provided two conditions are met: (1) the underlying claim that has been voluntarily dismissed must have been brought within the period defined by the limitations statute, and (2) recommencement of the action must take place within one year of dismissal as set forth in T.C.A. § 28–1–105. The actual date of dismissal is relevant only to the initiation of the one year period provided in the savings statute. To hold otherwise would do injury to the ends of judicial efficiency and economy because claimants would be compelled to await expiration of the limitations statute before invoking the protection of the savings provision. *Id.* at *1.

### III. Conclusion

For the foregoing reasons, Defendant's Rule 12(b)(6) motion is DENIED. Plaintiffs' wrongful death action has been preserved by operation of T.C.A. § 28–1–105. Although their claim was filed after the one year statute of limitations which expired on January 13, 1996, Plaintiffs reinitiated suit against Defendant within one year of the voluntary dismissal of their previous action as allowed by the Tennessee savings statute.

An order consistent with this memorandum shall enter.