IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 14, 2001 Session

## STATE OF TENNESSEE, ex rel KANDY K. BISSONETTE, v. JOSEPH MARLAND, III, IN RE: KRB

Direct Appeal from the Juvenile Court for Knox County
No. A-6518     Hon. Carey E. Garrett, Judge

FILED APRIL 26, 2001

No. E2000-02089-COA-R3-CV

In this action to establish paternity, the Trial Court dismissed the action on the grounds that a previous action against the same defendant had been dismissed, and the savings statute had run. We reverse.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Juvenile Court Reversed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Paul G. Summers, Attorney General and Reporter and Stuart Wilson-Patton, Assistant Attorney General, Nashville, Tennessee, for Appellant.

John M. Foley, Knoxville, Tennessee, for Appellee.

### OPINION

This action to establish paternity was commenced on October 7, 1997 by a Petition filed in Knox County Juvenile Court. The record contains a Paternity Affidavit signed by the mother, which alleges she did not have sexual intercourse with any other man besides defendant during the time the child was conceived, and that the child's facial features resemble defendant. The record also contains the lab report from a pathologist who performed blood tests on the parties in 1983, which states that the defendant could not be excluded as being the father of the child.

Defendant filed a Motion to Dismiss the Petition, asserting that since a previous petition was dismissed for failure to prosecute and was not refiled within one year, the action could not be revived. The Juvenile Judge dismissed the action, but held that the State of Tennessee was not barred from bringing an action, but ruled that the State did not bring the action before the Court.

The State has appealed.

The record establishes the child was born on August 7, 1982, and a prior petition was filed on March 24, 1983. That petition alleged this defendant was the father and the parties were never married. In that proceeding, an agreed order for blood tests was entered, but the case was ultimately dismissed on December 4, 1984. The statute of limitations in force when the child was born was ultimately declared unconstitutional by the United States Supreme Court in *Pickett v. Brown*, 462 U.S. 1, 103 S. Ct. 2199, 76 L. Ed. 2d 372 (1983). In 1984, the Tennessee legislature replaced the unconstitutional statute with a new statute of limitations which provided that paternity actions could be filed until one year past the child's age of majority. Tenn. Code Ann. §36-2-103. In 1989, the legislature added the following paragraph:

> Proceedings to establish paternity may be brought on behalf of a child in whose behalf a paternity action could have been brought under this part on August 16, 1984, but for whom no such action was brought, or for whom a paternity action was previously brought but was dismissed because the previous more restrictive statute of limitations was then in effect.

Tenn. Code Ann. §36-2-103(b)(2).

In 1997, the legislature combined the paternity and legitimation statutes and created one statutory scheme to address both types of actions, with the following statute of limitations provision:

> (a) An action to establish the parentage of a child may be instituted before or after the birth of the child and until three (3) years beyond the child's age of majority. The provisions of this chapter shall not affect the relationship of parent and child as established in § 31-2-105.
>
> (b) An action to establish parentage may be brought on behalf of a child in whose behalf a paternity action could have been brought under this chapter on August 16, 1984, but for whom no such action was brought, or for whom a paternity action was brought but was dismissed because the previous more restrictive statute of limitations was then in effect. Nothing herein shall be construed to permit the filing of any paternity action after the statute of limitations established by subsection (a).

Tenn. Code Ann. § 36-2-306. (This statute was in effect at the time this paternity action was filed in 1997.)

-2-

The State correctly asserts that the statute of limitations had not run for the filing of a paternity action regarding this child at the time the petition was filed in 1997. The one-year saving statute codified at Tenn. Code Ann. §28-1-105(a) does not apply to actions where the statute of limitations has not yet run. *See Balsinger v. Gass*, 379 S.W.2d 800 (1964); *Dushan v. Metropolitan Life Ins. Co.,* 14 Tenn. App. 422 (1931); *State and Whitehead v. Turner*, 1993 WL 476674 (Tenn. Ct. App. Nov. 17, 1993). The Trial Court erroneously relied upon the saving statute as a basis to dismiss the action.

Defendant argues the Trial Court properly found the State had not filed the Petition in question, and that the State has failed to show that it had standing to bring the Petition. While the mother signed the Petition, the Petition is plainly styled "State of Tennessee ex rel." the mother, and the State's attorney appeared in the action, as the Trial Court's orders bear the State's attorney's signature of approval. Moreover, the Petition bears an IV-D designation. The State had standing to bring such an action, since the statute expressly provides that these actions may be filed by a representative of "the department of human services or its successor agency." Tenn. Code Ann. §36-2-305(b)(1)(D).[1] The defendant's argument on this issue is without merit.

Defendant similarly argues that the State has attempted to improperly revive the mother's prior paternity suit. It appears from defendant's argument, that he is basically objecting to the State having filed an action regarding this child, when the mother had filed a previous action which was dismissed for failure to prosecute. While a dismissal for failure to prosecute may operate as an adjudication on the merits, such is not the case herein, where the court's Order dismissed the action specifically providing that the dismissal was without prejudice. *See* Tenn. R. Civ. P. Rule 41. Accordingly, neither the mother nor the State would be precluded from filing another paternity petition, because the previous dismissal had no *res judicata* effect. *See State of Tennessee ex rel. Currie v. Bernard*, 1993 WL 339304 (Tenn. Ct. App. Sept. 8, 1993); *Tennessee Dept. of Human Services ex rel. Skinner v. Skinner*, 1987 WL 25384 (Tenn. Ct. App. Dec. 4, 1987).

Finally, defendant argues that the case was not properly appealed because the Court's ruling was "against Ms. Bissonette personally" and because the mother might be entitled to different relief against the defendant than that which the State might seek. This argument has no merit. The action was filed and prosecuted by the State and was appealed by the State. Defendant cites no authority for its contention that the State would be entitled to different relief from the mother. Moreover, the statute draws no distinction between the type of relief available based upon the party filing the action.

For the foregoing reasons, we reverse the Judgment of the Trial Court and remand for a trial on the issues raised in the Petition, and adjudge the cost of the appeal to Joseph Marland, III.

---

[1] Contrary to defendant's argument, the statute no longer requires that the child be alleged as being (or likely to become) a public charge.

_____

HERSCHEL PICKENS FRANKS, J.