IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 3, 2024

**RIMON ABDOU v. STEVEN BROWN ET AL.**

**Appeal from the Circuit Court for Davidson County**
**No. 23C2126        Joseph P. Binkley, Jr., Judge**

_____

**No. M2023-01593-COA-R3-CV**
_____

This appeal arises from a civil action that was commenced and voluntarily dismissed without prejudice twice before the plaintiff refiled the same action for a third time. The defendants responded to the third filing by moving to dismiss on the ground that the third action was filed outside of the applicable statute of limitations. Relying on the authority in *Payne v. Matthews*, 633 S.W.2d 494 (Tenn. Ct. App. 1982), the trial court agreed with the defendants and dismissed the action with prejudice. The plaintiff appeals. We affirm. In their brief, the defendants/appellees ask this court to award them their attorney's fees and expenses incurred in defending this appeal, contending that the appeal is frivolous. Finding that the appeal is devoid of merit and, therefore, frivolous, we remand this matter to the trial court to award the defendants/appellees their reasonable and necessary attorney's fees and expenses incurred in defending this frivolous appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Rimon Abdou, Nashville, Tennessee, pro se.

Mark W. Honeycutt II, Nashville, Tennessee, for the appellees, Steven Brown, Kelly Brown, Marcy McCool, and James Wood.

**OPINION**

While the record before us does not include the records from the two civil actions that preceded the one at issue in this appeal, the material facts as set forth in the respective briefs are not in dispute; thus, we rely on the parties' representations in regard to the history of the related proceedings.

The civil action from which this appeal lies was commenced on September 11, 2023. It was preceded by two civil actions involving the same parties and same claims. The relevant history of the three cases is summarized below.

On July 14, 2017, Rimon Abdou ("Plaintiff") commenced the first of three civil actions against Marcy McCool, Kelly Anne Brown, Steve Brown, and James Wood (collectively "Defendants" and/or "Appellees/Defendants") in the Circuit Court for Davidson County. The case was assigned case number 17C1742, and we refer to this case as the First Assault Case. The 2017 complaint asserted claims of intentional infliction of emotional distress, assault, battery, and trespass. Thereafter, Plaintiff filed a notice of voluntary dismissal. The order granting the voluntary dismissal was entered on September 24, 2019,[1] and no appeal arose from the First Assault Case.

On October 25, 2019, Plaintiff initiated the second civil action ("the Second Assault Case," number 19C2561) against Defendants alleging the same claims as in the First Assault Case. On September 1, 2022, Plaintiff filed a notice of voluntary dismissal without prejudice. On September 12, 2022, the trial court entered the order of voluntary dismissal without prejudice.[2] Two days later, on September 14, 2022, Defendants filed a motion for assessment against Plaintiff of their discretionary costs and to stay any new proceedings pending payment of those costs. Plaintiff filed a response in opposition to the motion. The trial court entered an order on October 3, 2022, granting Defendants' motions, which constituted the final appealable order in the Second Assault Case.

Plaintiff filed a timely notice of appeal from the court's rulings in the Second Assault Case. On September 1, 2023, Plaintiff filed a notice of nonsuit of his appeal, or in the alternative, a motion for remand. On September 12, 2023, this court entered an order

---

[1] Subject to the constraints stated in Tennessee Rule of Civil Procedure 41.01, none of which apply here, all that is required to voluntarily dismiss a case prior to trial is the filing of a written notice of voluntary dismissal. *See Ewan v. Hardison Law Firm*, 465 S.W.3d 124, 130–31 (Tenn. Ct. App. 2014). Although a case does not become final for the purposes of appeal until the trial court enters its final written order dismissing the matter, the right to a nonsuit under Rule 41.01 does not require the permission of, or an adjudication by, the trial court. *See Green v. Moore*, 101 S.W.3d 415, 420 (Tenn. 2003).

[2] In the interim, on November 6, 2020, Plaintiff commenced a separate civil action, which we refer to as the Medical Records Case, against one defendant, Laura Brooke Watts. It was assigned case number 20C2460. In that action, Plaintiff sought injunctive relief against Laura Brooke Watts, alleging that Watts improperly obtained Plaintiff's medical records. On January 6, 2022, Plaintiff filed a motion to consolidate the Medical Records Case with the then-pending Second Assault Case. Without any opposition from Defendants, the trial court granted the motion to transfer and subsequently consolidated the two cases "for trial only." The Medical Records Case was voluntarily dismissed. Its commencement and disposition have no bearing on the issues in this appeal, but we mention it for completeness in that Plaintiff refers to that case in his brief.

dismissing the appeal.[3] *See Abdou v. Brown*, No. M2022-01545-COA-R3-CV (Tenn. Ct. App. 2022).

On September 11, 2023, Plaintiff commenced this action in the Circuit Court for Davidson County under case number 23C2126, which we refer to as "the Third Assault Case" or merely as "this case." The defendants and the claims asserted by Plaintiff in this case are based on the same facts and legal claims as in the First Assault Case, case number 17C1742, and the Second Assault Case, case number 19C2561.

On October 4, 2023, Defendants filed a motion pursuant to Tennessee Rule of Civil Procedure 12.02(6) to dismiss this civil action with prejudice because it was filed outside the applicable statute of limitations. Plaintiff filed a response in opposition to the motion.[4]

Following a hearing, the trial court dismissed this case, the Third Assault Case, because it was commenced outside of the statute of limitations. The final order, which was entered on November 9, 2023, reads in pertinent part:

> 1. This matter was originally filed on July 14, 2017, under docket no. 17C1742 but was voluntarily dismissed on September 24, 2019. (See Complaint, ¶ 41).
>
> 2. Plaintiff refiled this matter on October 25, 2019, under docket number 19C2561 and filed a notice of nonsuit on September 1, 2022. (See Complaint, ¶ 42). "The matters were dismissed without prejudice a second time on September 12, 2022, and discretionary costs were awarded pursuant to Tenn. R. Civ. P. 41.04 and 54.04 on October 3, 2022." (Complaint, ¶ 42); and
>
> 3. This action was initiated for a third time on September 11, 2023, by the filing of a "Complaint and Demand for Jury Trial." (See Complaint, ¶ 45).
>
> Based on the foregoing facts and pursuant to the authority of *Payne v. Matthews*, 633 S.W.2d 494 (Tenn. Ct. App. 1982), the Court finds that the action before the Court is barred by the applicable statute of limitations

---

[3] On September 1, 2023, in the Second Assault Case, which case had just been remanded to the trial court, Plaintiff filed a motion for relief from final order pursuant to Tennessee Rule of Civil Procedure 60. The trial court denied that motion on May 31, 2024. Plaintiff then perfected a second appeal from the dismissal of the Second Assault Case a second time. *See Abdou v. McCool*, No. M2024-00905-COA-R3-CV.

[4] Plaintiff also sought other relief, including a protective order and continuance, that is not relevant to the issues on appeal. The trial court denied the relief stating, "Allowing Plaintiff a stay of proceedings or a continuance of a hearing on this motion to allow him more time to prepare a response or retain an attorney would be futile because the law and the facts are conclusive and beyond challenge."

because it was not filed within one year from the date the alleged cause of action arose or within one year after the date of dismissal of the original action.

This appeal followed.

## ISSUES

Plaintiff raises two issues on appeal, which read as follows:

1. Rule 41.04 gives the trial court the discretion to order the payment of costs of a previously dismissed action if a party refiles. But this discretion must only be exercised if the taxing of costs would be proper. Here, Abdou's complaint was originally voluntarily dismissed without his consent by his attorney. Did the trial court error in finding that the taxing of costs was proper?

2. Tennessee's savings statute is given a broad and liberal reading because "Tennessee law favors the resolution of disputes on their merits." Here, Abdou voluntarily dismissed his lawsuit twice, but once was without his consent or knowledge. Abdou's third filed-complaint fell outside of the statute of limitations, and Abdou relied on the savings statute to refile. Did the trial court error in holding that a non-consensual dismissal counts as a voluntary dismissal under the savings statute?

(Footnote omitted).

Defendants raise three issues, which read:

1. Whether an appeal regarding discretionary costs is before the court?

2. Whether the plain language of the Saving Statute applies?

3. Whether Plaintiff's appeal is friv[]olous?

## STANDARD OF REVIEW

The standard of review "from a trial court's grant of a motion to dismiss is *de novo*, with no presumption of correctness as to the trial court's legal conclusions, and all allegations of fact in the complaint below are taken as true." *Brown v. Ogle*, 46 S.W.3d 721, 726 (Tenn. Ct. App. 2000) (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). In this matter, there is no dispute concerning the facts material to the trial court's holding.

## ANALYSIS

## I. DISCRETIONARY COSTS

For his first issue, Plaintiff contends that the trial court erred by assessing discretionary costs against him. Defendants respond to this issue noting that the issue is not properly before the court. As stated in their appellate brief:

Appellant/Plaintiff argues that discretionary costs were not properly granted. There was no motion for discretionary costs filed and no order granting discretionary costs in the present case. . . . As such, the argument of Appellant/Plaintiff is not relevant and is frivolous.

We find Defendants' assessment of the case to be correct. The trial court did not assess discretionary costs in this case, the Third Assault Case. They were assessed in the Second Assault Case. Thus, that issue is not properly before this court in this appeal.

## II. DISMISSAL

For his second issue, Plaintiff contends that the trial court erred by dismissing this case, the Third Assault Case, on the basis that it fell outside of the statute of limitations and the saving statute, because the First Assault Case was dismissed by his attorney without his consent.

For their part, Defendants contend that this case was properly dismissed because the complaint in this case was filed more than one year from the entry of the order dismissing the First Assault Case. We agree, as did the trial court.

We find the reasoning in *Payne v. Matthews*, controlling. As the court explained:

The Tennessee saving statute, formerly T.C.A. Sec. 28-106, now T.C.A. Sec. 28-1-105, has been considered several times by our courts. It has long been held that after the taking of any nonsuit to the original action, any additional suits would have to be filed within one year of the first nonsuit to be within the purview of T.C.A. Sec. 28-1-105. *See, Reed v. Cincinnati, N. O. & T. P. Railroad Co.*, 136 Tenn. 499, 190 S.W. 458 (1916). While many of the cases deal with consecutive voluntary nonsuits, it is clear from the wording of the statute that its scope is broader than that. T.C.A. Sec. 28-1-105 reads as follows:

28-1-105. New action after adverse decision.[5] If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

The full meaning and intent of this statute was spelled out by Justice Holmes of our Supreme Court in the case of *Balsinger v. Gass*, 214 Tenn. 343, 379 S.W.2d 800, 805 (1964), when he said:

Under T.C.A. Sec. 28-106,[6] all actions which may be brought by virtue of that statute must be brought within one year after the inconclusive dismissal of an action brought within the period of the applicable statute of limitations. . . . (emphasis supplied)

In other words, it makes no difference whether the initial inconclusive dismissal or dismissal not on the merits was a voluntary nonsuit or a dismissal without prejudice for want of prosecution.

*Payne v. Matthews*, 633 S.W.2d at 495–96.

In that matter, Mr. Payne's first civil action for personal injuries and property damage was dismissed. *Id*. at 495. Mr. Payne then filed a second, identical action only to voluntarily dismiss the case. *Id*. When Mr. Payne filed his third action, the defendant filed a motion for summary judgment on the ground that the action was barred by the applicable statutes of limitation. *Id*. The trial court granted the motion to dismiss. *Id*.

Then Mr. Payne appealed contending that "the dismissal of [the] lawsuit by the trial court is in contradiction to Rule 41 T.R.C.P., which bars a cause of action only on the taking of a third voluntary dismissal." *Id*. In that appeal, we explained that the Tennessee Saving Statute, codified at Tennessee Code Annotated § 28-1-105, required that all actions

---

[5] Tennessee Code Annotated § 28-1-105 is now titled "New actions" instead of "New action after adverse decision," as quoted in *Payne*. The current version of the statute additionally states, "Actions originally commenced in general sessions court and subsequently recommenced pursuant to this section in circuit or chancery court shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court."

[6] "T.C.A. Sec. 28-106" is currently codified at Tennessee Code Annotated § 28-1-105.

"brought by virtue of that statute must be brought within one year after the inconclusive dismissal of an action brought within the period of the applicable statute of limitations." *Id*. at 496 (quoting *Balsinger v. Gass*, 379 S.W.2d at 805).

We also noted that there is no conflict between Rule 41.01 and Tenn. Code Ann. § 28-1-105 because the statute "addresses itself to time" while the rule "addresses itself to the number of dismissals (nonsuits) that can be taken." *Id*. "It is clear from the above authorities that regardless of how an inconclusive dismissal of an action is had, in order for a suit to survive, it must have been filed within one year of the date of dismissal of the original action." *Id*.; *see also Freeman v. CSX Transp., Inc.*, No. M2010-01833-COA-R9-CV, 2011 WL 1344727, at *5–6 (Tenn. Ct. App. Apr. 7, 2011); *Greenwood v. National Dentex Corp.*, No. W2015-01889-COA-R3-CV, 2016 WL 4545406, at *3–4 (Tenn. Ct. App. August 30, 2016); *Mount Hopewell Missionary Baptist Church v. Found. Cap. Res., Inc.*, No. M2020-00107-COA-R3-CV, 2021 WL 352019, at *2–3 (Tenn. Ct. App. Feb. 2, 2021).

In the case at bar, Plaintiff's First Assault Case was voluntarily dismissed without prejudice pursuant to an order entered on September 24, 2019. More than one year later, Plaintiff filed a complaint seeking to pursue this case, the Third Assault Case. Because more than one year passed after the inconclusive dismissal of the First Assault Case, the trial court correctly dismissed Plaintiff's Third Assault case as time-barred.

For completeness, we acknowledge that Plaintiff contends the statute of limitations should not be measured from the dismissal of the First Assault Case because, he alleges, it was voluntarily dismissed by his attorney without his consent. We find this issue without merit because it has been waived. To challenge the propriety of the dismissal of the First Assault Case, Plaintiff had to raise that as an issue in an appeal of the dismissal of that case. Plaintiff did not perfect an appeal from the First Assault Case. Thus, the issue is waived.

Accordingly, we affirm the dismissal of this case, the Third Assault Case.

### III. ATTORNEY'S FEES ON APPEAL

Defendants seek to recover the reasonable and necessary attorney's fees and expenses they incurred in defending this appeal, contending that the appeal is frivolous. "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed." *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Indus. Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)).

Tennessee Code Annotated § 27-1-122 addresses the damages available for a frivolous appeal, stating:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

A successful party should not be forced to bear the costs and vexation of a baseless appeal, nor should appellate courts be saddled with such appeals. *See Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 342 (Tenn. 2010). However, the courts must take care not to discourage legitimate appeals and should only impose a penalty pursuant to Tennessee Code Annotated § 27-1-122 in rare and obvious cases of frivolity. *Id.* Whether to award damages due to a frivolous appeal is a discretionary decision by the appellate court. *Young v. Barrow*, 130 S.W.3d 59, 66–67 (Tenn. Ct. App. 2003) (citing *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985)).

We find Plaintiff's appeal of the dismissal of this case devoid of merit because there is no prospect that his appeal can succeed. Accordingly, we find the appeal to be frivolous. *See Morton v. Morton*, 182 S.W.3d at 838. Finding that Defendants are entitled to recover their reasonable and necessary attorney's fees and expenses incurred in defending this frivolous appeal, we remand this case to the trial court to make the appropriate award.

## CONCLUSION

For the reasons stated above, we affirm the trial court in all respects and remand this case to the trial court for further proceedings consistent with this opinion. The costs on appeal are assessed against the appellant, Rimon Abdou, for which execution may issue.

_____
FRANK G. CLEMENT JR., P.J., M.S.